## Loomis and another *against* Smith.

Where the defendant, in an action for goods sold and delivered, being the guardian of two lads, who had been placed by him at school in a neighbouring town, addressed a letter to *A*, one of the plaintiffs, who were partners, desiring him to furnish such articles as might be necessary for the lads, and charge the defendant ; in another letter addressed to *A*, the defendant said " you may let *J*, [one of the lads,] have fifteen or twenty dollars, and I will see you paid ;" and in another letter, addressed to one of the lads, he said, " Say to *A*, that any necessaries you and *N* [the other lad] may want, I will pay for, when I come on." *A* was the only active partner of the firm, and the store at which the goods were furnished, was their only place of business; the goods were originally charged, on the plaintiffs' books, to *J* and *N ;* after the delivery of the goods, a bill of them, made out in the name of the firm, was shown to the defendant, who, after examining it, objected to but one item, and promised to pay it, as soon as convenient; it was held, 1. that the application of the defendant, by letter, to *A*, might be considered as made to *A*, as a member of the firm, for goods to be furnished by the firm ; 2. that the letters of the defendant, in connexion with his recognition of the bill, were sufficient to establish his liability for the goods furnished; 3. that the fact that the goods were originally charged to the lads, was not conclusive against the defendant's liability, but admitted of explanation; 4. that parol evidence regarding the exhibition of the bill to the defendant and his promise to pay it, was not objectionable as being within the statute of frauds and perjuries, such evidence being offered to prove, not a promise to pay the debt of another, but that this was the defendant's own debt.

Testimony being offered by the plaintiffs, to prove that the lads were introduced, by a third person, to the plaintiffs, *as the boys the defendant had spoken about,* which was objected to, on the ground of its being hearsay ; it was held, that such testimony was admissible to prove the fact of such introduction.

This was an action of *assumpsit*, containing two counts ; the first on a guaranty, the second for goods sold and delivered.

The cause tried, on the general issue, closed to the court, *January* term, 1845, before *Williams*, Ch. J.

The plaintiffs claimed to have proved, that they were partners, under the firm of *Loomis & Sheldon*, as stated in the declaration; and that, at the request of the defendant, they delivered the goods in question, at their shop in *Suffield*, to *John T. Knox* and *Normand L. Knox*, who were minors under the guardianship of the defendant, and were by him placed at the *Connecticut Literary Institution* in *Suffield*. The plaintiffs also offered evidence to show, that before the account commenced, these young men were introduced into the shop of the plaintiffs, by one *Holcomb*, as " the boys the defendant had spoken of to Mr. *Sheldon*," one of the plain-

tiffs. The defendant objected to this as mere hear-say; but it was offered by the plaintiffs, and admitted by the court, merely to prove the fact of their introduction to the plaintiffs.

The plaintiffs also offered a witness to show, that *Sheldon* was the only active partner of the firm, and that he had no other store or place of doing business where he could furnish said goods. To this testimony the defendant objected, as within the statute of frauds and perjuries; but the court admitted it.

The plaintiffs then introduced *Albert Kent* and *George Loomis*, as witnesses, to prove, that after the various articles in the account were delivered, a bill of them, in the name of the plaintiffs, was, at two different times, shown to the defendant, who, after examining it, objected to but one item, and promised to pay it as soon as convenient. The plaintiffs further offered to read sundry letters of the defendant, in relation to this subject, addressed to *O. L. Sheldon*. The testimony and the letters so offered were objected to, by the defendant, as inadmissible, by virtue of the statute of frauds and perjuries. The court refused to admit them to prove a guaranty, but admitted them as proper evidence in support of the count for goods sold and delivered. The first letter was as follows: " *Hartford, Sept.* 17th, 1838. *O. L. Sheldon,* Esq. Dear Sir, Having been appointed guardian to *John T. Knox* and *Normand L. Knox,* who are desirous of attending the *Connecticut Literary Institution,* I wish you would furnish such articles as may be necessary, pay for their board and instruction, and charge me. *Erastus Smith."*

In the second letter, dated *October* 12th, 1838, and addressed to *O. L. Sheldon,* he says: "You may also let *Normand* have goods to 15 or 20 dollars, if he chooses, and I will see you paid." In another letter, addressed to *John T. Knox,* dated *October* 29th, 1838, he says: "I send you 10 dollars, and you will call on *Sheldon* for what you absolutely need, (and I know you will not ask for more,) and on showing him this, he will let you have it on my account." In his last letter, dated *February* 14th, 1839, addressed also to *John T. Knox,* he says: " Say to Mr. *O. L. Sheldon,* that any necessaries you and *Normand* may want, I will pay for, when I come on." The defendant claimed, that if the letters were admitted at all, the extent of the liability on his part,

was limited, by the second letter. The court, however, did not accede to this claim, but rendered judgment on the second count only, for the amount of the plaintiffs' bill. The defendant thereupon moved for a new trial.

*E. Smith*, in support of the motion, contended, 1. That the letters addressed to *O. L. Sheldon*, should not have been admitted in evidence, in this suit, in favour of *Loomis & Sheldon*. *Grant* v. *Naylor*, 4 *Cranch* 224. *Cremer* v. *Higginson*, 1 *Mason* 323. *Russell* v. *Perkins, Id.* 368. *Myers* v. *Edge*, 7 *Term R.* 254. *Penoyer* v. *Watson*, 16 *Johns. R.* 100. *Walsh* v. *Baillie*, 10 *Johns. R.* 180. *Robbins* v. *Bingham*, 4 *Johns. R.* 476. *McClung* v. *Means*, 4 *Ohio R.* 196. *Taylor* v. *Wetmores*, 10 *Ohio R.* 490.

2. That if the letters were admissible, they did not extend the defendant's liability beyond the first charges. *Cremer* v. *Higginson*, 3 *Mason* 323.

3. That the first letter was controuled by the second; and if the defendant is liable at all, he is not liable beyond the amount specified in the second letter.

4. That the testimony as to the conversation of *Holcomb*, on introducing the lads, at the plaintiffs' store, was inadmissible, being mere *hearsay*. It was what a third person *said*.

5. That the original charges having been made against *John T.* and *Normand L. Knox*, the defendant is not liable. *May* & ux. v. *Webb*, *Kirby* 286.

6. That the testimony of *Kent* and *G. Loomis*, as to the admissions of the defendant, when the bills were presented to him, was not admissible, as being within the statute of frauds and perjuries.

*Ellsworth*, contra, replied to the several positions advanced by the defendant, and commented on the authorities cited by him, insisting that they were inapposite and inconclusive, but did not refer to any authorities in support of the points decided by the court, on the trial. He contended, that if the goods were furnished *by the plaintiffs*, and *at the defendant's request*, he was of course liable, and a new trial would not be granted.

HARVARD LAW LIBRARY

*Hartford,*
June, 1845.

Loomis
*v.*
Smith.

WILLIAMS, Ch. J. The case comes up by agreement, as if presented on a motion for a new trial, upon a charge to the jury ; not, however, because the evidence was not sufficient, but upon matters of law. The whole evidence is not detailed ; of course, the court cannot say whether it was sufficient. Although when we find, in the first letter, a general direction to furnish such articles as may be necessary, renewed in the last letter, by a request to the young man to say to Mr. *Sheldon,* that any necessaries he and his brother might want should be paid for, by the defendant, when he came, connected with the evidence of two witnesses, that he, the defendant, recognized all the articles but one, and promised to pay for them, when convenient, we cannot doubt that, upon the evidence presented, the court came to a correct result. For, if the second letter could limit the generality of the first, it certainly could have no effect upon the express promise in the last letter ; nor can it impair the subsequent recognitions, after all the articles were delivered.

Nor can it be admitted, that the fact, if proved, of the original charge being entered to the wards, instead of the guardian, is at all conclusive upon the plaintiffs as a matter of law. It may have been made, by a mistake of the clerk, or may have been corrected immediately, as was claimed here, by a side entry. Such a circumstance, in a case where it was doubtful to whom the credit was given, is often a subject of suspicion, and may require strict examination, by the tribunal, when investigating the facts ; but we know of no principle of law, which requires, that a vendor shall be concluded by such an entry, and that it admits of no explanation. The circumstances attending the original entry, and the time and manner of its corrections, are not before this court ; but the evidence from the letters and from the subsequent admissions by the defendant, strongly tends to justify the conclusion to which the court below arrived on this subject.

But it is said, that certain testimony was improperly admitted. The testimony as to *Holcomb's* introducing the young men was objected to as *hearsay.* The evidence certainly was not of much importance, and it was not objected to as irrelevant, but as hearsay ; but it was admitted merely to prove the fact that they were so introduced, and not on the ground that Mr. *Holcomb's* declaration " they were the boy

HARVARD LAW LIBRARY

*Mr. Smith* had spoken about," was proper to prove that fact. There was, therefore, nothing of the nature of hearsay testimony. In connexion with the other evidence, we see not why the manner of their introduction might not be shown.

Again, it was claimed, that the testimony of *Kent* and *Loomis* could not be admitted, it being proof of a promise to pay the debt of another. Now, if the fact had been proved, that this was the debt of another, and not his own debt, then a promise to pay it, by the defendant, not in writing, would certainly have been within the statute. But the testimony was offered as part of the evidence to prove it was his own debt, that he recognized it as such, and also for another purpose, *viz..* that it was a debt due to these plaintiffs, and not to *O. L. Sheldon* only, as is claimed in another part of the case.

Whether this evidence proved these facts, was a question for the court below to decide; but that it was evidence tending to prove them, we cannot doubt. The defendant, indeed, did deny, that he recognized this account as his. The testimony of these two witnesses, that he made no objection to the manner of the charge, or that he made no claim that the plaintiffs were first to look to other persons, was important, as tending to prove the facts in dispute between the parties.

If the witnesses could not distinctly recollect whether the bills were made out against *Knox* or *Smith*, they did recollect, that they were made out in the names of these plaintiffs; and this certainly tended to meet one principal objection in the case.

But the great question seems to be, whether letters addressed to *O. L. Sheldon*, one of the firm, can be given in evidence in this suit, as if addressed to the firm. It is said, that being addressed to *Sheldon* only, the contract must be considered as made with him only, and that the other members of the firm can take no benefit from them; and the case of *Grant* v. *Naylor*, 4 *Cranch* 224. was much relied upon. That was a case of a guaranty; and it is placed on the ground that the writing itself is the contract, and not merely the evidence of the contract. In conformity to that decision, the court below ruled out this evidence, on the count founded upon the guaranty. It is evident, however, that the *United States* court did not mean to extend the principle of that case, by their decision in *Drummond* v. *Prestman*, 12 *Wheat.* 515. How-

*Hartford,*
June, 1845.
Loomis
*v.*
Smith.

ever that may be, this is a case where the suit is not founded upon the written contract, but an action for goods sold and delivered, where a variety of circumstances may be adduced to show the right of the plaintiffs to recover.    Here, the plaintiffs claimed to have proved, that *Sheldon* was the active partner of this house ; that he sold goods only as one of this company, and that he had no other place of doing business but at their shop; and that, when called upon to furnish goods to persons in *Suffield*, it must have been intended, that it should be done from his store, and by him in the character in which he usually conducted business at that store : that it stood precisely upon the same ground as if he had been asked, by the defendant in person, to do this.   We think, that if one of a firm was addressed about the ordinary business of the firm, he would have good reason to believe the firm were addressed through him.   This would be the common acceptation ; and we know of no technical rules, which will prevent the court, in actions of this kind, from giving such a construction to terms, whether oral or written, as we may fairly believe the parties intended.   Now, can it be supposed, that when the defendant, in a familiar conversation with the active member of a firm, requested him to supply his wards with necessaries, meaning necessaries from a shop or store, he intended this should be done by him as an individual ?

We think there can be no doubt he expected Mr. *Sheldon* to supply these articles, or many of them, from his shop ; and can it be believed, that he expected Mr. *Sheldon* was to purchase them from *Loomis & Sheldon*, so that he might charge them to the defendant in his own name ?   Was such a thing ever done, without some peculiar reason assigned ?   And are we called upon to give such a construction to a common business transaction, as no business man could give ?   But the defendant has put his own construction upon this transaction. When the bill of goods, in the name of the firm, was presented to him, by two different individuals, at different times, he made no objection upon the ground that it was a transaction between him and *Sheldon*, if the witnesses are not mistaken, and promised to pay the bills thus made, except one small article.

The statute of frauds, it is said, however, is in the way. As a promise to pay the debt of another, this may be true ;

but how it can affect this case, if it is the defendant's own debt, we cannot discover.

*Hartford,*
June, 1845.

Loomis
*v.*
Smith.

The authorities read are applicable either to bonds or sureties. This being a simple contract debt of the defendant himself, and not a promise to pay the debt of another, we think those authorities do not at all affect the rights of the plaintiffs.

A new trial, therefore, should not be granted.

In this opinion the other Judges concurred.

New trial not to be granted.