*New-London,*
July, 1851.
_____
Rodman
*v.*
Denison.

————————— ◆ ◆ ◆ —————————

### RODMAN *against* DENISON and another.

Where the plaintiff, in an action against the indorser of a promissory note, with special counts, to which was added the common count for money paid, laid out and expended, by the plaintiff, for the use of the defendant, failed to prove any demand of the maker, in consequence of which he could not recover on the special counts; but the plaintiff proved, that after the indorsement of the note by the defendant, he had himself indorsed it, at the request and for the sole accommodation of the defendant, under a promise of indemnity; that the defendant thereupon procured the note to be discounted, and after it came to maturity, the plaintiff had to pay it; it was held, that the plaintiff was entitled to recover on the money count.

THIS was an action of *assumpsit,* by the indorsee against the indorsers of two promissory notes, made by *George Randolph.* There were four or five special counts, to which was added the common count for money paid, laid out and expended, by the plaintiff, for the use and benefit of the defendants, and at their special instance and request.

The cause was tried at *New-London, September* term, 1850.

On the trial, it was proved, that the notes were made and endorsed as alleged in the declaration ; that they were discounted by the *Mystic Bank*, and transmitted thence to the *Bank of the State of New-York* for collection ; that not being paid, they were handed to a notary public for demand and protest, who, as the protest stated, made diligent en-

quiry for the maker thereof, but was unable to find him, or any person, to pay said notes. The defendants then claimed and offered evidence to prove, that before and ever since the giving of the notes, the maker had resided in *Chicago, Illinois;* which was known to the defendants; but it was not claimed or proved, that it was known to the other parties. The defendants therefore claimed, that the notes should have been sent to *Chicago* for demand, and that a demand sought to be made in the city of *New-York* was not a legal demand, and the indorsers were therefore discharged. The court charged the jury, *pro forma,* that there had not been a legal demand, so as to hold the indorsers, and as such, the defendants were not liable.

*New-London, July, 1851.*

*Rodman v. Denison.*

The plaintiff insisted, that whatever legal difficulties attended his claim as indorsee merely, the defendants, with full knowledge of the facts, had since, waiving all objections, absolutely promised, that all the plaintiff had done, before and since the dishonour of the notes, in paying the notes, was done at their request, for their exclusive benefit, and under their solemn and unqualified assurances, that the plaintiff should be kept harmless and indemnified. The court instructed the jury, that if the facts so claimed by the plaintiff were proved, although the defendants could not be liable as indorsers merely, they were liable, on this declaration, for the money paid by the plaintiff, which he was entitled to recover; but if otherwise, he could not recover.

The jury returned a verdict for the plaintiff; and the defendant thereupon moved for a new trial for a misdirection.

*Foster,* in support of the motion.

*Strong* and *Pomeroy,* contra.

HINMAN, J. In this action, there were counts against the defendants, as indorsers of two promissory notes, made by one *Randolph,* together with the ordinary money counts.

The plaintiff was not able to prove any demand of the maker, *Randolph,* and, therefore, failed to sustain his special counts; but he did prove, that the notes were made by *Randolph,* and indorsed by himself, for the sole accommodation of the defendants, who had procured the money on them,

*New-London,* at the *Mystic Bank*; and that the plaintiff had paid the
July, 1851. amount, which he recovered in this suit, to the bank, and

Culver the defendants had promised to repay it. This, surely, was
*v.* enough to enable the plaintiff to recover, on the money
Parish. counts, even if it did not excuse the want of demand on the
maker.

The verdict was right, and no new trial is advised.

In this opinion the other judges concurred.

New trial denied.