## WILLIAM REED *vs.* LEWIS HOLCOMB.

The defendant, in taking a note from a firm that was indebted to him, had it made payable to the order of the plaintiff. This was done for the purpose of getting the plaintiff's indorsement, and that he might get the note discounted at bank,

but was done without consulting the plaintiff. The defendant carried the note to the plaintiff and requested him to indorse it, and on his declining to do so, promised to see it paid and to save him harmless if it was not paid by the makers. Upon this promise, and without relying upon the makers, who were of doubtful responsibility, and for the sole accommodation of the defendant, the plaintiff indorsed the note. The defendant afterwards indorsed it and got it discounted at bank. Before it fell due the makers had failed, and the plaintiff had to take it up. Held, in a suit brought by the plaintiff to recover of the defendant the amount paid, that the defendant's promise was not within the statute of frauds, and that it was not necessary that it should have been in writing.

It is often difficult to ascertain from the mere words of a promise whether it was a collateral or an original undertaking, and courts must rely upon the particular circumstances of each case.

The provision of the statute of frauds, with regard to a promise to answer for the debt or default of a third person, was intended to apply only to contracts strictly of suretyship or guaranty ; and where no credit is given to such third person, and the consideration does not move from him and he is not to be benefited, the statute does not apply, although such third person is primarily liable.

If the promise is on a sufficient consideration, moving between the immediate parties to it, and from which the promissor is to derive a benefit, in view of which the promise is made, it becomes a new and independent contract existing entirely between the immediate parties to it.

ASSUMPSIT for money paid ; tried in the superior court, on the general issue closed to the court, before *Carpenter, J.*

Upon the trial it was proved that in October, 1860, the defendant had procured from Frazier, Mills & Co., who were indebted to him, their note for the sum of $500, payable to the order of the plaintiff, three months after date, at the Aetna Bank, Hartford. The note was so procured by the defendant without the knowledge of the plaintiff, who had no interest in the matter. The defendant carried the note to the plaintiff and requested him to indorse it, but he having some knowledge of the makers and doubting their responsibility, declined to do so. The defendant thereupon urged him to indorse it, and represented to him that he was in urgent need of the money ; that with his indorsement he could procure the note discounted at bank ; that when it became due he would see it paid, and in case the plaintiff had anything to pay on it he would repay the amount and fully indemnify him. Upon this the plaintiff, who had long known the defendant and considered him a responsible man, indorsed the note for his sole accommodation, relying upon his representations for his security

in so doing ; for although he supposed that if he indorsed the note the makers would in law be liable to him, yet he regarded their responsibility as of little value.   The defendant took the note when so indorsed, and subsequently indorsed it himself, procured the indorsement of a Mr. Hayes thereon, got it discounted at bank, and applied the avails to his own use.   Before the note  became due Frazier, Mills & Co. failed and went into insolvency, and the plaintiff, after he paid the note, presented it against their estate and received a small dividend on his claim.   When the note became due it was protested, and was subsequently paid by Mr. Hayes, to whom the plaintiff as prior indorser afterwards paid the amount.   To the admission of all the evidence offered to prove the foregoing facts the defendant objected, on the ground that the undertaking of the defendant being to answer for the debt, default or miscarriage of Frazier, Mills & Co., the makers of the note, it was within the statute of frauds and perjuries, and could not be proved by parol evidence.   The court overruled the objection and admitted the evidence.

The court having rendered judgment for the plaintiff, the defendant moved for a new trial.

*McFarland*, for the plaintiff, cited *Green* v. *Cresswell*, 10 Ad. & El., 453 ; *Kingsley* v. *Balcome*, 4 Barb., 131 ; *Peabody* v. *Harvey*, 4 Conn., 119, 124 ; Browne on Stat. of Frauds, §§ 158, 162.

*T. C. Perkins* and *C. E. Perkins*, for the defendant, cited Browne on Stat. of Frauds, § 212 ; 2 Parsons on Cont., 305 ; *Leonard* v. *Vredenburgh*, 8 Johns., 23 ; *Brown* v. *Curtiss*, 2 Comst., 225 ; *Meech* v. *Smith*, 7 Wend., 315 ; *Cross* v. *Richardson*, 30 Verm., 641 ; *Soule* v. *Albee*, 31 id., 142 ; *Bushee* v. *Allen*, id., 631 ; *Alger* v. *Scovill*, 1 Gray, 391 ; *Nelson* v. *Boynton*, 3 Met., 396 ; *Curtis* v. *Browne*, 5 Cush., 488 ; *Lemmon* v. *Box*, 20 Texas, 329 ; *Thomas* v. *Cook*, 8 Barn. & Cress., 728.

HINMAN, C. J.   It appears to us that the statute of frauds

does not apply to this case. We think the defendant never intended to become the surety of Frazier, Mills & Co. in making the promise that he did make, and that the plaintiff never intended to accept of his undertaking as that of a surety, or as at all collateral to their liability. It is often difficult from the mere words in which a promise is made to determine whether any credit was given to a third person, and the undertaking therefore collateral to the engagement or liability of such person, or whether it was a wholly independent and original undertaking. In such cases courts must rely upon the circumstances of each particular case, and its general features, in order to ascertain the intention of the parties, and how they viewed it, where it is doubtful whether it was a contract of suretyship or guaranty, or an original undertaking. Now in this case the defendant wished to borrow money which he could obtain upon the plaintiff's indorsement, but could not upon the note of Frazier, Mills & Co. without such indorsement, and as he had their note he preferred that the plaintiff should indorse it rather than to make a new note of his own to be indorsed. But on requesting the plaintiff to indorse their note he declined to do it, on the ground of their want of responsibility, until the defendant promised that if he would do it, he, the defendant, would pay it when due, and, in case the plaintiff had any thing to pay by reason of his indorsement, he would repay the same, and fully indemnify and save the plaintiff harmless. This in substance, we think, was the same as if the plaintiff had indorsed the defendant's own note to enable him to raise money upon it. Of course no one would doubt his liability on such a transaction. The plaintiff gave no credit whatever to the name of Frazier, Mills & Co., but relied entirely upon the undertaking of the defendant. In principle it is very similar to the case of *Brown* v. *Curtiss*, 2 Comst., 226, which, though in form a promise to answer for the debt or default of another, was yet held to be in substance an engagement to pay the guarantor's own debt in a particular way, and therefore not within the statute. The section of the statute which is supposed to be applicable to the case was not intended to protect parties from any other contracts than

those of suretyship or guaranty for the payment of some debt or the performance of some duty by a third person. But if no credit is given to such third person, and the consideration of the promise does not move from him, and he is not to be benefited by it, the statute did not intend to make void the promise because such third person might also be primarily liable for the same debt or duty. " If," says Judge Bronson, in *Johnson* v. *Gilbert*, 4 Hill., 178, " *A* promise *B*, upon a sufficient consideration moving wholly between them, that a stranger will pay a sum of money or do any other act, this is an original undertaking and not within the statute ; and it makes no difference whether the stranger is under an obligation to do the act or not." The same principle was stated in *Alger* v. *Scoville*, 1 Gray, 391, where it is laid down that " a promise, the leading object of which is a benefit to the promisor, which he did not before enjoy, is not within the statute of frauds, although its effect be to discharge another from an obligation." If the promise is on a sufficient consideration moving between the immediate parties to it, and from which the promisor is to derive a benefit, in view of which the promise is made, it then becomes a new and independent contract existing entirely between the immediate parties to it. The benefit which the original debtor may derive from it is incidental, and in no respect the object of the parties, and ought not therefore to affect the validity of their contract. *Cross* v. *Richardson*, 30 Verm., 641. *Leonard* v. *Vredenburgh*, 8 Johns., 23.

But in this case there was no benefit whatever to the original debtors arising from the plaintiff's indorsement of their note. Their liability to pay it was not altered except in respect to the party to whom it was payable. It was not discounted by the bank for their benefit, but for the defendant ; and they obtained nothing in consequence of it. In this respect it is very distinguishable from the case of *Green* v. *Cresswell*, which was principally relied upon by the defendant. In that case the bailbond, though given at the defendant's request, was still given for the sole benefit of the arrested debtor, and the only object of it was to procure his liberation

from imprisonment. But in this case the indorsement was for the entire benefit of the defendant, to enable him to borrow money upon the note. The plaintiff had no dealings with the makers of the note, and refused to rely on their responsibility at all, and the sole consideration for the indorsement being the defendant's promise to pay or see that the note was paid at maturity, it seems very ungracious now, after he has obtained the money upon the indorsement which the plaintiff was under no obligation to make, to attempt to protect himself from liability because his promise was not in writing.

We are therefore of opinion that a new trial ought not to be granted, and so we advise the superior court.

In this opinion the other judges concurred.