JOHN MORGAN, JR., PLAINTIFF IN ERROR, v. WILLIAM J. THOMPSON ET AL., DEFENDANTS IN ERROR.

Submitted March 27th, 1905—Decided November 20th, 1905.

1. Where one makes his own note for the accommodation of the payee and one or more subsequent endorsers, and is compelled to pay the note at its maturity, to a *bona fide* holder for value, he may recover from the parties for whose accommodation he made the note the amount so paid, with interest.

2. Parol evidence is admissible to show the true relation of the maker of the note to the transaction.

On error to the Supreme Court.

For the plaintiff in error, *Francis D. Weaver* and *Howard L. Miller*.

For the defendants in error, *Edmund B. Leaming* and *Timothy J. Middleton*.

The opinion of the court was delivered by

FORT, J.    On October 31st, 1902, the plaintiff made his promissory note for $3,000 to the order of G. C. Mick, payable at the Secruity Trust Company of Camden, New Jersey. The note was without consideration. The note was subsequently endorsed by Mr. Mick and William J. Thompson and discounted at the Security Trust Company, the proceeds thereof being placed to the credit of Mr. Thompson.

The note not being paid at its maturity, the trust company sued the plaintiff upon it and recovered a judgment thereon, which the plaintiff paid, with interest and costs. This suit was instituted to recover from Mick and Thompson the money so paid.

At the trial it was testified by the plaintiff that the note was made at the request of Mick and Thompson to raise money for their purposes, and that at the time the plaintiff gave the note they had promised him that they would pay it and he would hear no more about it.

On the plaintiff's proof it was clear that the defendants had received the proceeds of the note and that the plaintiff was a mere accommodation maker.

When the plaintiff rested his case a judgment of nonsuit was entered on the ground that under the proof it was an effort to establish by parol a contract different from that shown by the written instrument.

We think this was a misconception of the true nature of the suit and was error.

This is not a suit upon the note, but a suit for so much money paid for the use of the defendants. The note is a mere item of evidence in the transaction. This note was not enforceable against the maker in the hands of either Mick or Thompson. If either of them had sued the maker upon it the real transaction could have been shown. Since the passage of the Negotiable Instrument act evidence is admissible, even between endorsers, to show that as between themselves they have agreed as to the liability otherwise than as appears from the order of their endorsment upon the note. The note is only *prima facie* evidence of the order of liability. *Pamph. L.* 1902, *p.* 596, § 68.

As between the original parties the consideration of a note may always be inquired into, and parol evidence is admissible for that purpose. *Edw. Bills* (*2d ed.*) 55; *Chaddock* v. *Van Ness*, 6 *Vroom* 517.

Professor Edwards states the rule this way: "Where one man lends his note to another and is afterwards obliged to pay and take it up, the law implies a promise on the part of the borrowers to indemnify the maker, though the maker cannot sue the borrower on the note itself. The note is a mere item of evidence." *Edw. Bills* (*2d ed.*) 356; *Griffith* v. *Reed,* 21 *Wend.* 505.

The nonsuit in this case was error and should be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Fort, Garretson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray. 13.