CHAUNCEY S. FOSTER *vs.* ALBERT P. BALCH ET AL.

First Judicial District, Hartford, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

One who indorses a note for the accommodation of the payee and is obliged to pay it at its maturity is entitled to reimbursement from the latter.

The fact that at the time the note was indorsed the indorser owed the maker more than the maker owed the payee, does not necessarily prove that his indorsement was for value; and if the trial court finds that it was purely an accommodation indorsement for the benefit of the other parties to the note, no basis remains for the payee's claim of a novation.

A defendant whose case has been fully heard upon its merits and the facts before the court, will not be permitted to take advantage of technical objections to the complaint which were not raised until after the trial and too late for the plaintiff to amend, and which, even as urged in this court, are at best but doubtfully assigned.

Submitted on briefs January 2d—decided January 18th, 1907.

ACTION upon a promissory note by one indorser against another, brought by appeal of the defendants from a judgment of a justice of the peace to the Court of Common

Pleas in Litchfield County and tried to the court, *Welch, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *No error.*

*Samuel A. Herman,* for the appellants (defendants).

*Wellington B. Smith* and *Frank B. Munn,* for the appellee (plaintiff).

PRENTICE, J.   One Miner, for the purpose of discharging an indebtedness to the defendants, made his promissory note for $70, payable to their order three months after date at the First National Bank of Winsted.   The defendants thereupon indorsed it, and the plaintiff subsequently placed his name thereon as an indorser under the defendants.   The defendants then discounted the note at said bank, received the avails thereof, and placed them to Miner's credit upon their books.   This note was thereafter renewed three times.   Each renewal was identical in terms with the original, and stood in all respects in the same position as did that instrument.   Three days before the maturity of the last renewal Miner was declared a bankrupt.   After its dishonor the plaintiff paid to the bank which held it the amount due thereon.   He now seeks to recover the sum so paid.

The complaint which he has framed to that end is one which counts upon the obligation imposed upon the defendants by the instrument itself.   The allegations are: that the defendants indorsed the note to the plaintiff, that the same was at maturity protested for nonpayment, that due notice of protest was given to the defendants, that it was presented by the plaintiff to the defendants for payment and not paid, that the plaintiff was the present holder, and that it has never been paid.   The answer put the plaintiff to his proof of all his allegations, and in a second defense averred that the plaintiff's indorsement was by the express agreement of the parties one by virtue of which he was to assume the liability of an indorser prior to the defendants.

The court found all the facts already recited to be true. It also found that the plaintiff's indorsement was without value and for the accommodation of both the maker and the payees, these defendants, and that there was no special agreement between these parties such as the answer set up, or any other with respect to the order of liability.

Upon the facts thus found the plaintiff is entitled to recover in some form of action. His payment, through the compulsion of his indorsement without value and for the defendants' accommodation, of a sum of money of which the defendants have received the benefit, entitles him to reimbursement. The law will, if necessary, imply the defendants' promise to make the plaintiff good. *Rodman* v. *Denison*, 21 Conn. 406; *Rowland* v. *Smith*, 49 id. 404, 408; *Morgan* v. *Thompson*, 72 N. J. L. 244, 62 Atl. 410; *Peale* v. *Addicks*, 174 Pa. St. 543, 548, 34 Atl. 201; *Pomeroy* v. *Tanner*, 70 N. Y. 547, 552; *Owens* v. *Miller & Mayhew*, 29 Md. 144, 158.

It cannot militate against that result that the plaintiff, upon striking a balance of a long-standing mutual book account between him and Miner, is found to have been indebted to Miner, at the time the original note was indorsed, in an amount equal to or greater than the amount of the note, or that the plaintiff had previously lent his name to Miner as an indorser for his accommodation. Such facts would be subordinate ones to be weighed and considered in arriving at a determination upon the evidence as to whether the plaintiff's indorsement was or was not for value. The court having found that it was without value, no foundation remains for the claim advanced that there was a novation.

In this connection it is to be observed, as bearing upon this contention, that the appeal imputes error to the action or the court in finding certain of the facts as it has done. Among the facts thus objected to are the ultimate ones which not only give to the plaintiff's indorsement an accommodation character, but also characterize it as for the accommodation of the defendants. It is plain to all that

the real burden of the appeal arises out of these claimed errors in the finding, and others which bear, or are assumed to bear, a subordinate relation to them.    The legal propositions advanced for the most part possess little pertinence, if the facts are to remain unchanged.    They are evidently presented as properly attending the effort made to secure a correction of the finding.    In view of the importance which thus attaches to the finding as the controlling factor in the case, we have examined with care the evidence certified to this court, and failed to discover that any fact material to any question of law presented by the appeal has been found without evidence, or as a deduction drawn from evidence in violation of the law of reason.    Possible errors which relate to immaterial details do not concern us.

It appears from the finding that at the maturity of the note in suit the plaintiff was indebted to Miner's bankrupt estate in the sum of $56.81.    The defendants complain of the refusal of the court to deduct this amount from the amount found due from the defendants to the plaintiff, and to render judgment for the balance only.    Aside from the favor which would thus be conferred upon the defendants, no justification for such a dictation to the plaintiff as to the source from which he should obtain his redress is presented.    If upon the evidence the plaintiff was entitled to recover from the defendants the amount of the judgment, it is difficult to discover by what authority the court could in this action have withheld that right from him and relegated him against his will to other possible sources of redress.

It appears, therefore, that upon the evidence and facts found therefrom the plaintiff would in a proper action be entitled to recover the amount of the present judgment. The only objection which could be further urged against the judgment must, therefore, grow out of its rendition upon the present complaint, which is silent as to the existence of any fact which might tend to impose a liability upon the defendants outside of the obligation arising from the instrument itself.    The question presented by any such objection

Foster *v.* Balch.

would possess a double aspect. The first inquiry would naturally be as to whether the plaintiff was upon his pleadings and proof entitled as a matter of right to have a judgment; the second, as to whether the defendants are now in a position to take advantage of any irregularity. The plaintiff failed to prove, as he had alleged, that notice of dishonor was given to the defendants. The latter urge that in the absence of such proof they stood before the court as discharged from all liability as an indorser, and that contention is made the basis of one of the reasons of appeal. General Statutes, § 4259. The plaintiff replies that any omission to give notice of dishonor was supplied by the facts proven and found, that the maker was declared a bankrupt three days before the note's maturity, and that the plaintiff's indorsement was for the defendants' accommodation. General Statutes, §§ 4250, 4285; *Mueller* v. *Nugent*, 184 U. S. 1, 14, 22 Sup. Ct. Rep. 269. We, however, have no occasion to determine the question thus suggested, since the record clearly discloses that the plaintiff's right to recover generally, and not his right to do so upon his complaint as it was framed, was fully tried out in the court below, that no technical objection to that recovery such as is above suggested was made, and that no one of the reasons of appeal urges it, unless, indeed, there be read into their language that which was plainly not intended to be expressed. The defendants' position throughout has consistently been that the plaintiff was not entitled to recover upon the facts, not that the frame of the complaint stood in his way. Had the latter position been advanced upon the trial, the plaintiff would have had an opportunity to amend, and he doubtless would have done so. For us now to take a more narrow view of the case than the parties have done and invoke technical principles for the plaintiff's undoing, would be alike unjust to him and contrary to our rules which require claims of law to be seasonably and clearly made.

There is no error.

In this opinion the other judges concurred.