THE S. J. CORDNER COMPANY *vs.* OSCAR MANEVETZ.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

An oral promise by the president of a trucking corporation to pay for oil to be furnished to its drivers pursuant to his request, is an original undertaking and not one within the statute of frauds.
The question to whom credit was originally given in a sale is always one of fact.
An express finding that the original credit was given to the defendant is not essential, if the facts as detailed preclude the possibility of any other rational conclusion.

Argued April 10th—decided May 28th, 1918.

ACTION to recover for merchandise sold, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $211, and appeal by the defendant. *No error.*

The substituted complaint contains two counts, and

the following facts appear in the record. The plaintiff is a partnership with its principal place of business in Springfield, Massachusetts, with a branch in New Haven, where gasoline, motor oils, and kindred articles were kept for sale. The goods were sold for cash and on credit. The wife of one of the partners was in charge of the New Haven station. The defendant was president and treasurer of a corporation in New Haven called the New Haven Trucking Company. This company was formed in 1916, and acquired and carried on the business before conducted by a partnership called Jacques & Company. About July 21st, 1916, the defendant went to the plaintiff's station in New Haven and informed the person in charge of the business that he had taken over the business of Jacques & Company, and that thereafter the business would be conducted under the name of the New Haven Trucking Company, which had been incorporated, and at the same time requested the manager of the plaintiff's station to let the drivers of the Trucking Company have what oil and gas they called for and charge the same to him, and he would pay for it.

The manager of the New Haven station delivered to the drivers of the Trucking Company the gas and oil as they called for it, and made out sale slips in the name of the Trucking Company. These slips were sent to Springfield, and from there bills were sent to the New Haven Trucking Company in New Haven.

About August 1st the defendant paid a bill rendered in the name of the Trucking Company. The bill was paid by check of the Trucking Company and was signed by the defendant as president, and included in the bill were items for gas and oil delivered to Jacques & Company.

In October, 1916, the Trucking Company went out of business, and the defendant took the property and

carried on the business in his own name. He continued to buy gas and oil of the plaintiff and it was charged to him. The bill for materials after the defendant took over the business is the cause of action in the second count in the complaint. The defendant admitted this bill to be properly charged to him.

*William J. McKenna*, for the appellant (defendant).

*Robert J. Woodruff* and *Claude B. Maxfield*, for the appellee (plaintiff).

SHUMWAY, J. Of the several reasons of appeal, the third contains substantially all the alleged errors of the trial court. This is "whether or not the oral promise of an executive officer of a corporation to pay for goods sold to and upon the credit of said corporation and charged and billed to said corporation binds such an officer individually."

This reason of appeal, if it correctly stated the ruling of the trial court, would show that such ruling was erroneous. The record does not sustain the assertion that the court so ruled. It does not appear in the record that the goods were sold "upon the credit of the corporation," the New Haven Trucking Company, though the goods were charged to that company and were received and used by the company for its benefit. These facts are, indeed, evidence, more or less convincing according to circumstances, tending to prove that the original credit was given to the Trucking Company, but they are not conclusive.

The promise required by the statute of frauds to be in writing is a promise to answer for the debt of *another*, not the promissor's own debt. The only question in the case is, was this the defendant's own debt, which it is admitted he agreed to pay, or was it in a legal sense

the Trucking Company's debt. To whom was the credit originally given? This is always a question of fact. Cases may be found where it has been held that the evidence does not justify the conclusion of the trier upon this question, but none that hold that it is a question of law. The finding in this case does not state in direct terms that the court finds as a fact that the original credit was given by the plaintiff to the defendant, but states that the court reached this conclusion: "That the promise of the defendant to pay for the gas and oil . . . was an original undertaking and not an undertaking to an answer for the debt . . . of another." Whether this conclusion be regarded, as intended by the court, as one of fact or of law is of no importance in this case, because the facts detailed in the finding justify the conclusion as a fact, that the credit was given to the defendant, and no other rational conclusion is possible. The case of *Loomis* v. *Smith*, 17 Conn. 115, sustains this conclusion.

There is no error.

In this opinion the other judges concurred.