## BLYTHEWOOD, INC.
### vs.
## MAY H. JAQUISH

Superior Court    Fairfield County    File #45225

Present: Hon. ALFRED C. BALDWIN, Judge.

Day, Berry & Howard,    Attorneys for the Plaintiff.

Durey, Pierson & Comley,    Attorneys for the Defendant.

## MEMORANDUM FILED MAY 6, 1935.

BALDWIN, J. The plaintiff operates a sanitarium. It received for treatment the defendant's husband. Approximately one week after defendant's husband had become a patient in this sanitarium he escaped and met his death by drowning. His estate brought suit against this plaintiff claiming the death was due to negligence, and recovered a verdict for $5000.00 which was paid and this action was brought to recover from this defendant upon the following agreement:

"August 21, 1931. I, May H. Jaquish, wife of Orin W. Jaquish of Mamaroneck, N. Y., hereby request Blythewood, Inc., to receive my husband for care and treatment. I hereby agree to release Blythewood, Inc., and all members of the Blythewood medical staff, from any claim which I, or other relatives of Orin W. Jaquish might have against that sanitarium and members of the medical staff, and save them harmless from any and all claims of liability now existing, or which may hereafter arise, by reason of the matter herein referred to.

(Signed)   May H. Jaquish."

It appears from the complaint that this defendant was notified of the suit brought against this plaintiff and that she was requested to defend that action, but she refused to do so and has refused to save this plaintiff harmless from its loss, as it is claimed she, by this writing, contracted to do.

Defendant has demurred to the complaint, (1) upon the

ground that it is contrary to public policy and is void; (2) that it is not an agreement to save the plaintiff harmless from the liability described, and (3) that it is not an agreement to save the plaintiff harmless from any liability to the administrator of Jaquish's estate arising out of his death by the wrongful act of the plaintiff.

As to the first ground of the demurrer, it is sufficient to say there is no question of public policy involved. No reason arising from public policy exists why parties in the relation which these parties bore to each other could not enter into an indemnity contract with each other as they have here.

The first ground of the demurrer is therefore overruled.

The part of the indemnity agreement, pertinent to the questions raised by the second and third grounds of the demurrer, lie in the request of the defendant to the plaintiff to receive her "husband for care and treatment", and the language to "save them harmless from any and all claims or liability . . . . which may hereafter arise, by reason of the matter herein referred to."

We have here a promise by the defendant, in writing, to save them, (Blythewood, Inc. and the medical staff), "harmless from any and all claims or liability . . . . which may hereafter arise, by reason of the matter herein referred to." The "matter herein referred to" is the receiving of defendant's husband upon her request and the care and treatment he was to receive, and the liability which arose was liability upon the judgment alleged to have been recovered, (and paid by the plaintiff), in an action based upon plaintiff's negligence, which plaintiff claims this contract of indemnity insures, or indemnifies itself against.

" 'The contract to indemnify is an original undertaking to save the indemnitee harmless against loss or damage of a specified character which may happen in the future.' *Walthausen vs. Trimpert, 93 Conn. 260, 265. 105 Atl. 687. . . . . 'If a promise is on a sufficient consideration moving between the immediate parties to it, and from which the promisor is to derive a benefit, in view of which the promise is made, it then becomes a new and independent contract existing entirely between the immediate parties to it.' Reed vs. Holcomb, 31 Conn. 360, 363, 364. 'Where the inducement is a benefit to the prom-

isor which he did not before or would not otherwise enjoy, and the act is done upon his request and credit, such promise is an original undertaking.' **Smith vs. Delaney, 64 Conn. 264, 275; 29 Atl. 496."**

**Bronx Derrick & Tool Co. vs. Porcupine Co., 117 Conn. 314, 318, 319.**

In the indemnity agreement in the instant case we have an original undertaking by this defendant to save the plaintiff harmless against all claims or liability which may hereafter arise by reason of plaintiff receiving and caring for and treating her husband. The inducement to her to enter into this agreement and the benefit she was to receive was the care and treatment of her husband.

The language is broad and sufficient to include the liability which it is alleged that plaintiff sustained.

The second and third grounds of the demurrer are overruled.