## T. R. Sadd *v.* Jacob Siegelbaum.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued May 3d—decided June 9th, 1938.

*John B. Harvey,* for the appellant (defendant).

*Frank H. Foss,* for the appellee (plaintiff).

Avery, J. The material facts of this case are these: On April 6th, 1932, the plaintiff, a dealer in motor

trucks, entered into a conditional sales contract with the defendant for the sale of a truck at a price of $1710, to be paid in instalments, conditioned that when the balance of the purchase price was paid the truck should become the property of the defendant. Prior to January, 1936, the defendant had paid in accordance with the contract the sum of $1310, and, at that time, he conceived the idea of forming a corporation to carry on the business of a wholesale grain and provision dealer, and of associating with him as stockholders various merchants in the same line of business. He organized a corporation for that purpose of which three hundred and eight shares of stock were issued, the defendant and his wife being the owners of three hundred shares and others of the remaining eight. At this time the defendant requested the plaintiff to execute a new conditional bill of sale to the corporation for the balance due on the truck, in order that the defendant might properly register the vehicle with the motor vehicle department in the name of the corporation; and the defendant promised and agreed that, if the plaintiff would do so, the defendant would personally agree to see that the balance due on the truck was paid. In pursuance to this agreement the plaintiff executed a new conditional bill of sale to the corporation for the balance due. The defendant was unsuccessful in obtaining sufficient interest in the sale of the stock of his company to make it a success and sometime in April or May of the same year discontinued doing business as a corporation. During all the time previous to forming the corporation, during its life, and after its discontinuance the defendant conducted a continuous business in the sale of fruit at wholesale, and the truck was used during all that time first by the defendant personally, then by the corporation for a short time and again by the defendant

personally. In January, 1936, $50 was paid on the truck; in May, June and July, $25 respectively; all of these amounts but one by the personal checks of the defendant. After the present suit was brought the defendant drove the truck into plaintiff's yard and left it. The trial court upon these facts gave judgment for the plaintiff for the instalments due on the truck less its reasonable value at the time it was redelivered.

The question on this appeal is whether the defendant's oral promise to pay the balance of the purchase price of the truck was within the second clause of the Statute of Frauds, General Statutes, § 5982, as "a special promise to answer for . . . the debt, default or miscarriage of another." In *Packer* v. *Benton*, 35 Conn. 343, 350, "An undertaking by a person not before liable, for the purpose of securing or performing the same duty for which the party for whom the undertaking is made continues liable," is held to be within the statute. *Dillaby* v. *Wilcox*, 60 Conn. 71, 76, 22 Atl. 491. An oral promise to pay one's own debt, however, is not within the statute. *Loomis* v. *Smith*, 17 Conn. 115, 121; *Cordner Co.* v. *Manevetz*, 92 Conn. 587, 589, 103 Atl. 842; Restatement, Contracts, Vol. 1, § 182 (b); 27 C. J. 136. "If, however, there is a benefit to the promisor which he did not before, and would not otherwise, enjoy and in addition the act is done upon his request and credit there ordinarily arises an original undertaking not within the statute." *Bartolotta* v. *Calvo*, 112 Conn. 385, 391, 152 Atl. 306; *Smith* v. *Delaney*, 64 Conn. 264, 275, 29 Atl. 496. "In such cases courts must rely upon the circumstances of each particular case, and its general features, in order to ascertain the intention of the parties, and how they viewed it, where it is doubtful whether it was a contract of suretyship or guaranty,

or an original undertaking." *Reed* v. *Holcomb,* 31 Conn. 360, 363.

The vehicle was originally purchased by the defendant, used in his business, and transferred into the name of the corporation at his request and for his purposes. He continued to make payments on it and used it after the corporation ceased to function. His agreement when the truck was transferred to the corporation to see that the payments were made was not a new and collateral undertaking but a reaffirmance of his already existing obligation to pay his own debt. The subordinate facts support the conclusion of the trial court that the oral undertaking of the defendant was not within the Statute of Frauds.

There is no error.

In this opinion the other judges concurred.