Gus Meyers, Sr., et al. *v.* Ida Price Arm et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued April 2—decided May 1, 1940.

*Robert J. Woodruff,* with whom, on the brief, were *Arthur Klein* and *Nathan R. Bassett,* for the appellant (defendant Cohen).

*Aram H. Tellalian, Jr.,* with whom was *Edward S. Gall,* for the appellees (plaintiffs).

Avery, J. This action was brought by Gus Meyers, Sr., and Arthur Chabot against Ida Price Arm, Irving Arm, her husband, and Isaac Cohen. The plaintiffs sought to recover for a balance of money due on a contract for rebuilding two stores in Bridgeport owned by the named defendant. The complaint was in two counts. The first count alleged the making of a contract on November 27, 1937, between the plaintiff Chabot and the named defendant, and that the interest of Chabot therein was assigned for value to the plaintiff Meyers; that the work had been duly completed and that $200 of the contract price had been paid, leaving $600 due and payable. The second count by reference alleged the execution of the contract. It did not mention an assignment thereof, but alleged that the defendant Cohen at the time of the execution of the contract promised to pay in full the amount specified therein. In this count performance was not specifically stated, but it was alleged that Cohen had paid $200 on the contract and the sum of $600 still remained due and unpaid.

From the finding these facts, which are not challenged by the defendants' assignments of error, appear: Prior to commencing work upon the contract,

the plaintiff Meyers undertook to investigate the financial ability of the defendants Arm. The plaintiffs, not being satisfied with the ability of Mrs. Arm to pay, had an interview with an attorney for Cohen, the holder of a second mortgage, and were assured that Cohen would pay the contract price because of his interest in the premises. The plaintiffs informed the attorney that Cohen required that an order be drawn upon him from Mrs. Arm directing him to pay over the $800 for repairs called for by the contract, and such an order was drawn and subsequently shown to the plaintiffs, and they were informed by the attorney that a written contract with Cohen was unnecessary but that the order would be binding upon him. Subsequently, about December 27, 1937, when the work was commenced, Cohen gave a check in the amount of $200 to be held in escrow until certain steel beams were in place and then delivered to the plaintiffs. This check was subsequently delivered. Thereafter, the plaintiffs saw the defendant Cohen in order to obtain more money to proceed under the contract and Cohen stated that he was anxious to have the work completed and would pay them directly for the full contract price. Thereafter, in January, 1938, after the work had been performed, Cohen, upon the premises, repeated his promise to pay the plaintiffs in full. The defendant Cohen's promise to pay the plaintiffs was a direct promise to them and was not in any way conditioned on the failure of the defendants Arm to make payment. The plaintiffs performed all of the work and supplied all of the materials required under the terms of the contract, with the exception of such variations as were ordered by the defendant Irving Arm, and the performance was satisfactory to all the parties defendant.

Upon this appeal, the defendant Cohen contends

that the plaintiffs did not allege a cause of action against him; that the facts proved were insufficient to support a judgment against him; and that the promise of Cohen to pay for the work was unenforceable because oral and within the Statute of Frauds, and without consideration. The first count of the complaint does not mention Cohen. In the second count, it is not directly stated that the contract was performed. Performance is, however, implied from the allegation that the sum of $600 was still remaining due and unpaid under the contract. If the defendant desired to have the plaintiffs set forth the fact of performance more fully he should have made a motion before trial, or if he desired to test the legal sufficiency of the complaint he could have done so by demurrer. The plaintiff would then have had an opportunity to amend and doubtless would have done so. The defendant, however, went to trial under the pleadings as framed, and the record shows clearly that the questions litigated were whether Cohen had agreed to pay the entire $800 and whether the work was properly done. Where a case has been litigated wholly upon the merits a party is not permitted after judgment to take advantage of defects in procedure which, had attention been called to them at the trial, could readily have been amended. *Foster* v. *Balch,* 79 Conn. 449, 453, 65 Atl. 574; *Woodruff* v. *Perrotti,* 99 Conn. 639, 644, 122 Atl. 452; *McCaughey* v. *Smiddy,* 109 Conn. 417, 418 146 Atl. 822.

The claim that the promise of Cohen was without consideration was not made in the trial court and was raised for the first time in the brief filed in this court. It is unnecessary for us to consider this claim. *Adley Express Co., Inc.* v. *Darien,* 125 Conn. 501, 504, 7 Atl. (2d) 446; *Woodstock* v. *The Retreat, Inc.,* 125 Conn. 52, 59, 3 Atl. (2d) 232. The contention of the de-

fendant that no judgment can run against Cohen because he was not a party to the contract of November 27, 1937, fails to take note of the fact that so far as the defendant Cohen is concerned this action was not brought against him as a party to the contract between Chabot and Mrs. Arm, but upon his independent agreement to pay the amount specified in that contract upon the completion of the work.

The principal contention of the defendants is that the contract is unenforceable because oral and, therefore, within the Statute of Frauds. This contention, however, is negatived by the finding of the trial court, not attacked, that Cohen's promise was a direct promise to the plaintiffs and not in any way conditioned on the failure of the defendants Arm to make payment. "If . . . there is a benefit to the promisor which he did not before, and would not otherwise enjoy, and in addition the act is done upon his request and credit, there ordinarily arises an original undertaking not within the statute." *Bartolotta* v. *Calvo,* 112 Conn. 385, 391, 152 Atl. 306; *Sadd* v. *Siegelbaum,* 124 Conn. 383, 385, 200 Atl. 346; *Reed* v. *Holcomb,* 31 Conn. 360, 363. The question as to whom credit was given, which is determinative of whether the agreement was an original undertaking not within the statute, is one of fact. *Cordner Co.* v. *Manevetz,* 92 Conn. 587, 590, 103 Atl. 842. The finding of the trial court that the plaintiffs refused to proceed with the work until promised payment by Cohen and that after the first $200 payment they refused to proceed further until assured by him that money would be forthcoming from him in payment of the contract permit no other conclusions to be drawn than that credit was given to Cohen by the plaintiffs and they looked to him to make payment as the party primarily responsible. The conclusion of the trial court that the agreement of Cohen was not a

collateral contract within the Statute of Frauds, but a direct and independent agreement to pay for the work upon the two buildings, cannot be disturbed upon the basis of the facts found. *Cordner Co.* v. *Manevetz,* supra.

There is no error.

In this opinion the other judges concurred.