The first count of the amended complaint based on contract, and the second count, relying on quantum meruit, seek recovery for labor and materials furnished to the defendants James Stevens and Tatiana Stevens. The third count alleges that the defendant D. Ross Potter entered into an oral contract with the plaintiff for the performance of plumbing services and the installing of plumbing materials at an agreed price in a dwelling not owned by Potter; that thereafter Potter agreed to pay the plaintiff a further sum for additional work; and that, although the original agreed price was paid by the other defendants, Potter did not pay for the additional work as he agreed. The fourth count recites that the services rendered and the materials furnished were at the request of Potter and were reasonably worth the respective amounts alleged.
Potter demurred to the third and fourth counts of the complaint on the ground that they alleged a promise not in writing to answer for the debt, default or miscarriage of another. The court sustained the demurrer, the plaintiff failed to plead further, and, on motion, judgment was rendered for Potter. The plaintiff appealed from the decision of the court sustaining the demurrer. The appeal is defective in form because it is taken from the decision of the court sustaining the demurrer rather than from the final judgment. .General Statutes 51-265 (later amended; see 52-6a); Practice Book 794, 777, 587, 600. The defendant has, however, waived the defect by failing to move to dismiss the appeal. Teitelman v. Bloomstein,155 Conn. 653, 655. We also note that we are confronted with a record which contains no proper judgment file. Such a judgment file in a case on appeal is a requirement which we do not overlook; because the essentials of a valid judgment are present in this case, *Page 513 
however, we decide the issue involved. Practice Book 887; see Practice Book 800A, 269.
The plaintiff assigns as error only the action of the court in sustaining the demurrer. If any facts provable under the allegations of the third and fourth counts of the complaint would have supported a cause of action, the demurrer should not have been sustained. Covino v. Pfeffer, 160 Conn. 212,214. No additional facts can be imported into the allegations as set forth in the two counts to which Potter has demurred. Wexler Construction Co. v. Housing Authority, 144 Conn. 187, 194.
"An undertaking, by a party not before liable, for the purpose of securing, or for the performance of, a duty for which the party for whom the undertaking is made continues liable is within the Statute of Frauds." E. Paul Kovacs 
Co. v. Blumgarten, 150 Conn. 8, 11; General Statutes 52-550. An examination of the third and fourth counts of the amended complaint discloses no allegation that the other defendants, James Stevens and Tatiana Stevens, were or continued to be liable for additional services and materials. The allegations contained in the first and second counts of the amended complaint cannot be imported into the counts to which Potter has demurred. Wexler Construction Co. v. Housing Authority, supra. An oral promise to pay one's own obligation is an original undertaking and not within the statute. Sadd v. Siegelbaum, 124 Conn. 383, 385; Bartolotta v. Calvo, 112 Conn. 385, 389. Ordinarily, whether a promise is an original or collateral undertaking can be determined only on trial and on the circumstances of the particular case. Reed v. Holcomb, 31 Conn. 360, 363. "The question as to whom credit was given, which is determinative of whether the agreement was an original undertaking not within the statute, is one of fact." Meyers v. Arm, *Page 514 126 Conn. 579, 583. On the pleadings in this case, the court may not speculate on what evidence will be adduced at the trial.
 There is error, the judgment for the defendant Potter on the third and fourth counts is set aside, and the case is remanded with direction to overrule the demurrer.
In this opinion SPEZIALE and SPONZO, Js., concurred.