[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
I. FACTS
On or about October 23, 1990, Attorney Barbara DeGennaro, an associate of the plaintiff law firm of Crozier and Gudsnuk, P. C. undertook to represent the defendant Michael Valentine, Jr. in connection with a criminal assault charge pending against him in Superior Court. Defendants Michael F. Valentine, Sr. and Lorraine A. Valentine, the parents of defendant Michael Valentine, Jr. allegedly "orally agreed to guarantee payment for legal fees incurred in the defense of their son." Defendant Lorraine Valentine signed a check, dated November 2, 1990 to Attorney DeGennaro for $250. some ten days after Attorney DeGennaro agreed to represent the defendant Michael F. Valentine, Jr. (Plaintiff's Reply Memorandum, Sept. 27, 1991, Exhibit A.) Defendant Michael F. Valentine, Jr. is over the age of eighteen and has been at all times relevant to this action.
The plaintiff law firm represented the defendant CT Page 3970 Michael F. Valentine, Jr. in the criminal assault charge until February 25, 1991 when such representation was concluded at the request of the defendants. The plaintiff claims that the reasonable value of the legal services it performed for the defendants amount to $4,200. (Plaintiff's Memorandum, p. 2.)
On or about July 2, 1991, the plaintiff law firm brought suit against defendant's Michael F. Valentine, Sr. and Lorraine A. Valentine, seeking recovery of the legal fees owed to the firm in connection with the firm's representation of Michael F. Valentine, Jr. The plaintiff then moved this court for a prejudgement attachment of the home of Michael F. Valentine, Sr. and Lorraine A. Valentine.
On August 19, 1991, this court held a hearing on this matter. During cross-examination of the plaintiff's first witness, the court ordered that the hearing be continued, and asked counsel to brief the issue of whether the plaintiff's claim on the alleged oral guarantee of the defendant parents was barred by the Connecticut Statute of Frauds, Conn. Gen. Stat. 52-550(a)(2).
II. LAW
The present case involves an alleged oral contract made between a law firm and the parents of an adult child charged in a criminal action. The Statute of Frauds, Conn. Gen. Stat. 52-550(a)(2) provides that:
 No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged. . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another. . ."
Conn. Gen. Stat. 52-550 (a)(2). In the present case, the plaintiff, in its Memorandum of Law supporting their application for prejudgement remedy, indicates that their law firm undertook to represent Michael F. Valentine, Jr. after being contacted by Mr. Valentine's parents, Michael F. Valentine, Sr. and Lorraine A. Valentine. (Plaintiff's Memorandum of Law, p. 1) The plaintiff claims that the parents "orally agreed to guarantee payment for legal fees," Id., and that shortly thereafter Lorraine A. Valentine paid $250.00 in the form of a check to Attorney Barbara DeGennaro of the plaintiff law firm as a retainer for such legal services. (Plaintiff's Reply Memorandum, CT Page 3971 Sept. 27, 1991, p. 2 and Exhibit A.) Based upon the parents' oral guarantee and the $250 retainer, the plaintiff went forward and represented Michael F. Valentine, Jr. in the criminal assault charge between November 1990 and February 25, 1991. The record before this court shows that at no time did the plaintiff secure any written agreement from any of the defendants regarding fee structure or method of payment.
A. The oral Agreement: Collateral Undertaking or Original Liability?
The defendants have raised the Statute of Frauds as a defense to the plaintiff's complaint, claiming that the oral agreement of guarantee made between the parents of Michael F. Valentine, Jr. and the plaintiff law firm was a separate, collateral undertaking independent of the plaintiff law firm's representation of Michael F. Valentine, Jr. In Adamowicz v. Stevens, 6 Conn. Cir. 112, 117, the court held:
 The Statute of Frauds is a good defense if the oral promise. . . was `any special promise to answer for the debt, default or miscarriage of another.' Conn. Gen. Stat. 52-550. The statute is not a defense if the promise . . . was an original undertaking. "Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom the still rests the primary liability to perform; whereas, in the latter, the obligation assumed is a primary one that the contract shall be performed." (citing Grillo v. Cannistraro, 147 Conn. 1, 5 (1959).)
Further, "[a]n undertaking by a party not before liable, for the purpose of securing, or the performance of, a duty for which the party for whom the undertaking is made continues liable, is a a special promise to answer for the debt, default of miscarriage of another and is within the statute of frauds." Huckabee v. Stevens, 32 Conn. Sup. 511
(1975).
In the present case, only the defendant Michael F. Valentine, Jr., the adult son of defendants Michael F. Valentine, Sr. and Lorraine A. Valentine, was legally represented by the plaintiff law firm. The parents were not CT Page 3972 charged in any criminal action and received no material benefit from the plaintiff law firm's representation of Michael F. Valentine, Jr. If the oral agreement between the parents and the plaintiff law firm was in fact a separate, collateral undertaking, then the agreement will be within the Statute of Frauds. Adamowicz, supra; Grillo, supra; Huckabee, supra. From the facts before this court, the parents of Michael F. Valentine, Jr. cannot be seen as principle parties in the legal services agreement between the plaintiff law firm and their adult son Michael F. Valentine, Jr. The record indicates, and this court finds, that the "oral agreement to guarantee payment for legal fees" between the plaintiff law firm and the defendant parents Michael F. Valentine, Sr. and Lorraine F. Valentine constitutes a separate and collateral undertaking and as such, it falls within the statute of frauds, Conn. Gen. Stat. 52-550(a)(2), supra.
B. Applicability of the Doctrine of Full or Part Performance
The plaintiff argues that its legal representation of defendant Michael F. Valentine, Jr. constitutes "full performance" of the oral contract it had with the defendants, and that such "full performance" takes this matter out of the statute of frauds. The plaintiff cites Scribner v. O'Brien. Inc., 169 Conn. 389, which held that: "The doctrine of full performance by one party to a contract or part performance . . . will take [the case] out of the statute of frauds." Id. at 403. The plaintiff further cites Strang v. Witkowski, 138 Conn. 94, where the court found that: "Full performance by one party to a contract takes it out of the statute [of frauds.] Id. at 99.
In order to take an oral agreement outside the statute of frauds under the doctrine of full performance, two criteria must be met,:
 1. The acts of performance must be of such a character that they can reasonably be accounted for in no other way than by the existance [existence] of the disputed oral contract; and
 2. The repudiation of the oral contract must amount to the perpetration of a fraud upon the performing party.
Breen v. Phelps, 186 Conn. 86, 94. (1982); see also Rutte v. Roche, 138 Conn. 605, 608 (1952); Santoro v. Mack,108 Conn. 683 (1929). CT Page 3973
In the present case, the facts before the court cannot satisfy the first element of the Breen "full performance doctrine" test, as the plaintiff law firm's performance could be reasonably explained in many ways. To wit, the parent's $250.00 payment could have been tendered as a single advance payment to be followed by regular payments from their son Michael F. Valentine, Jr.; the parents could have stated to the plaintiff that they were willing to pay the retainer only, etc. The numerous possible explanations of why the parents of Michael F. Valentine, Jr. paid the plaintiff law firm $250.00 preclude this court from finding that the plaintiff's acts of performance could be reasonably explained in no other way than in the alleged oral agreement advanced by the plaintiff. See Breen, supra, at 94.
Further, under the second element of the Breen test, this court cannot conclude from the facts before it that "the repudiation of the oral contract must amount to a fraud upon the performing party." As this court has determined, the oral agreement between the plaintiff law firm and the defendant parents was a separate undertaking from the plaintiff's representation of the adult son Michael F. Valentine, Jr. Therefore, if the plaintiff has not been paid for its legal services in connection with its representation of Michael F. Valentine, the possibility of fraud would lie between the plaintiff and Michael F. Valentine, Jr., not between the plaintiff law firm and the parents Michael F. Valentine, Sr. and Lorraine A. Valentine. Thus, the second element of the Breen test also fails — the plaintiff law firm has not been defrauded by the alleged oral agreement with the parents for it properly should seek it's recourse from Michael F. Valentine, Jr., the only other principal party in the undertaking to represent him in connection with the assault charge.
III. CONCLUSION
For the foregoing reasons, this Court denies the plaintiff's application for prejudgment remedy. The Court notes in passing that Conn. Gen. Stat. Sec. 52-550 was adopted by the Connecticut legislature in order to encourage certain contracting parties to put their agreements into writing so as to avoid certain pitfalls.
CLARANCE J. JONES, JUDGE CT Page 3974