Saneord, J.
This is an action of assumpsit against, two defendants, Savage and Mann, charging them as partners under the name of B. E. Mann & Go., and as indorsers of a promissory note payable to that firm or order, to which is added the common count for money lent. The defendants pleaded the general issue, and the superior court found the issue and rendered judgment in favor of Savage and against Mann.
Mann now contends that such judgment is erroneous, because the promises declared on are laid as the joint promises of both of the defendants, while the finding of the court, that Savage never made them, disproves the declaration. .
*It may be conceded that, prior'to the statute of [ *860 ] 1848, such a judgment could not be vindicated. But, by that statute, (Rev. Stat., tit., 1, § 150,) “ in all actions against two or more defendants, if the plaintiff, shall fail to sustain a good cause of action against any defendant or defendants, he shall not for that reason be prevented from recovering *294 judgment against the other defendant or defendants.” The intention of the legislature is in this statute expressed in broad and very comprehensive language, embracing every species of action, real, personal and mixed, and every form of action, sounding in contract and in tort, as well as every cause of failure which in practice can occur. The statute is a remedial one, and as such is entitled to a liberal construction, in furtherance of the manifest intention of its framers. As the law stood prior to this enactment, in all that numerous class of action which sound in contract, when two or more individuals were made defendants, the plaintiff must have sustained a good cause of action against them all, and, if he failed to do so, a judgment must have been rendered in favor of them all, against him, however clearly his proof might have established the liability of some of them upod the contract. The mischief occasioned by that rule was, that plaintiffs were turned around and compelled to begin anew, when no principle of justice or sound rule of policy required it.
In actions sounding in tort, the plaintiff’s failure to sustain his cause of action against one or more of the defendants, less than all, was held to be no reason for turning him out of court, and he took his judgment against the rest. The adoption of this rule in all actions alike, was the obvious remedy which the existing mischief called for. It was a rule of long standing, well understood, simple in its application, and productive of no practical injustice or inconvenience. And we think it is the rule which the legislature intended to prescribe for the case before us.
It is claimed that this statute was intended to apply only in cases in which the contract declared on was in fact made by all of the defendants, but because of some personal privilege or disability, such as infancy, coverture, bankruptcy, f *361 ] *&c., one or more of them could not by law be sub-11 jected to a judgment. But even that construction of the statute, if it were the true one, which we deny, would afford no ground for the reversal of this judgment, because the record does not disclose the reason why Savage was not subjected as well as Mann; and, upon this motion in error, we can not know but that he was found a minor, and discharged on that account. In this record, therefore, we can see no error, and for this purpose we are not at liberty to look out of it.
The remaining questions arise upon the motion for a new trial.
First, the defendant Mann contends that the plaintiff has no legal title to the note, and can maintain no suit upon the indorsement, because that indorsement was made by himself *295 alone, after the dissolution of the firm of B. E. Mann & Co., (the pavees in the note,) and without authority from Savage.
But this objection has no applicability to the second count, (for money lent,) whatever might be said of it in reference to the first, and if the judgment can be sustained on either count the objection must be disregarded.
We think, however, that Mann is not at liberty to interpose this objection in reference to either count. He falsely pretended, and assumed authority, by the indorsement of the note, to transfer the legal title in it to the plaintiff, and to bind Savage also by such indorsement, and thus induced the plaintiff to advance his money in consideration and upon the credit of such indorsement, and he received the money so procured. And it would be a reproach to the law, if the court had no power now to prevent him from interposing a defense, which in our judgment is repugnant to the principles of justice, morality and law alike. Whatever Savage might do, Mann is conclusively estopped from setting up this defense. Kinney v. Farnsworth, 17 Conn., 355.
Secondly, Mann insists that there is a material and fata, variance between the contracts laid in the declaration and thosa proved upon the trial, because the contracts laid are *the joint undertakings of both of the defendants, [ *362 ] while the contracts proved were made by Mann alone.
This objection has already been disposed of, but it may ba added, in this connection, that it is no answer to our construction of the statute, to say that by it the fundamental rule of pleading, which requires the plaintiff in his declaration to state his contract according to his proof, will be abolished. It is enough that the will of the legislature is, that such a variance, if it be one, shall be disregarded. And further, the contracts stated in the declaration, and the contracts proved, are shown to be variant, only upon the plaintiff’s failure to sustain his cause of action against one of the defendants; and then, the statute provides, that the plaintiff shall not for that reason, that is, because of such failure, be prevented from recovering a judgment, against the other defendant.
Partners are joint contractors, and, as regards the other party to a contract made by them, each of the partners is responsible in solido to the whole extent of the obligation assumed by all; so that the liability of each member of the firm, is, in law and fact, the same, whether his copartners are or are not liable on the contract. The joint contract of all of the members of the firm, bv their partnership name or otherwise, is in effect the several *296 promise of each of them, and why should it not always be treated and enforced accordingly in pleading and in practice, when the substantial justice of the case so obviously requires it. The construction contended for by the defendants, if it did not entirely defeat the object of the legislature, would introduce a practice still more at variance with the rules of the common law than that which we adopt, inasmuch as it would require the insertion of separate counts against one defendant as a sole contractor, and against several defendants as joint contractors, in the same declaration, while it would thus unnecessarily increase, both the expenses of the litigation, and the prolixity of the record. Benedict v. Stevens, 25 Conn., 392. Nash v. Skinner, 12 Verm., 219.
The counsel for the defendants referred us to authorities relating to the remedy against one, who, as agent, but without authority, assumes to contract for another. But in the [ *363 ] *case at bar Mann professed to act, not for Savage only, but also for himself. And his language, apt and pertinent for the purpose, was cleárly significant of that intent ; so that the authorities to which our attention was invited seem inapplicable, and need not be here examined.
' The judgment complained of should be affirmed, and a new trial refused.
In this» opwicn the other judge? concurred.
Judgment affirmed.
.New trial not advised.