Santo *v.* Maynard.

ALEXANDER SANTO *vs.* SYLVESTER MAYNARD.

New London Co., Oct. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The act of a servant pursuant to his master's express command or in the regular course of his employment, is the act of the master, and at common law may be declared on as such.

Our Practice Act ( sec. 1. ) provides that a complaint shall contain a statement of the facts constituting the cause of action. But under this provision, and chapter 3, section 1, of the rules established under the act, the pleader may state acts according to their legal effect, but must do it in such a way as fairly to apprise the adverse party of the state of facts which it is intended to prove.

Where the pleading is not such as to give this information, and no notice is taken of the omission by the court or the adverse party, it would seem that the validity of the proceedings would not be affected.

If there is any omission in the pleadings of the plaintiff that can be cured by amendment, the defendant, on discovering it, ought to make his objection seasonably, so that there may be an amendment before trial; and if he postpones it till the evidence is in, he should not be allowed to gain any advantage by it.

Where, after the evidence in a case was in, the plaintiff was allowed to make an amendment of his complaint, which was not a surprise to the defendant and did not materially affect his situation, it was held that the court properly refused to allow the defendant to plead anew and try the case over again.

[Argued October 16th, 1888—decided January 4th, 1889.]

ACTION for damages for an injury to the plaintiff and his property from the unlawful and negligent act of the defendant; brought to the Court of Common Pleas in New London County, and tried to the court, upon a general denial, before *Crump, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*J. M. Thayer* and *C. F. Thayer*, for the appellant.

*D. G. Perkins*, for the appellee.

LOOMIS, J. This is an action to recover damages for an injury to the plaintiff and his horse, wagon and harness, caused by his horse, while he was driving it, taking fright at a pile of wood left by the defendant near the traveled path in a public highway.

The contention before this court relates to the admission of evidence, to the allowance of an amendment to the complaint which obviated the defendant's objection to the evidence, and to the refusal of the court to allow the defendant to file a new answer to the amended complaint and try the case anew.

The complaint at first simply charged that the wood constituting the nuisance was unlawfully and negligently placed in the highway by the defendant, and the parties went to trial upon the general issue, and the proceedings upon the trial are described as follows in the finding of the court:

" The plaintiff offered evidence to prove, and proved, that on or about June 25th, 1887, the defendant's son, Clarence Maynard, who was then seventeen years of age and lived with his father, was directed by him to cart some cord wood from the defendant's wood lot, where it then was, to the Baltic store, where it had been sold and was to be delivered by the defendant; and that, while employed about the business, Clarence, without the express consent of his father, and indeed without his knowledge, deposited the pile of wood described in the complaint upon the highway at the

place stated. It was further proved that the defendant's wood lot, from which he directed his son to cart the wood, was of such a rough and uneven surface that it was impossible there to pile upon a cart a full load of wood; and that if the son was to carry a full load to Baltic it was necessary for him to deposit some of the wood at some other place than in the lot, to top-off his load with. There was no place so convenient for this as that selected by the defendant's son and named in the complaint. The defendant had been in the habit, when carting wood from the wood lot in company with his son, of depositing a portion of a load of wood along the highway, for the purpose of topping-off his loads, and he testified that his son in so acting in the instance complained of was doing what was his own custom to do in carting wood; namely, to leave a load by the highway to top-off with; that a good workman would so leave it, and that the place chosen by the son was a good place for the purpose.

"The wood so left by the highway was an object calculated to frighten a horse of ordinary gentleness. The plaintiff's horse was such an one.

"To the testimony as to the act of the son in leaving the wood by the highway the defendant's counsel objected, but did not state the ground of his objection, except to claim in general terms that it was irrelevant, and stated that he did not insist upon a ruling at the time, but agreed to have the evidence come in, reserving the right to ask for its rejection in his argument. The evidence was accordingly admitted when offered, and upon the claim of the defendant's counsel in his argument that the court should not consider the evidence as to the son's negligent act, since the complaint contained only an allegation as to an act of the defendant personally, the plaintiff's counsel offered the amendment attached to the complaint, which the court allowed (although believing the complaint as it stood to be sufficient), on the ground that if the objection had been specifically stated at the time the evidence was offered an amend-

ment would have been asked for then and would have been allowed.

"The defendant objected to the allowance of the amendment, and claimed the right, if the amendment was permitted, to file a new answer and try the case anew; but the court overruled this claim, since the case had been tried on its merits. And it did not appear to the court that the substance of the amendment was a surprise to the defendant or that his situation would have been materially changed had the amendment not been allowed."

The complaint as first brought set forth the act relied upon for recovery according to its legal effect. The act of a servant pursuant to his master's express command or in the regular course of his employment, is the act of the master. The allegation therefore was all that could be required under the strictest rule of the common law.

The rule of the common law was that "all things must be pleaded according to their legal effect." Gould's Pleading chap. 3, sec. 174. But although the rule was so imperative in form, it was, in some cases at least, permissive; for where the form and legal effect of an instrument differed, the pleader at his option could either state its legal effect or recite the instrument *in hæc verba* and refer its legal operation to the court. Gould's Pl., chap. 3, sec. 181.

In states that have adopted code pleading, which requires that the pleading shall state facts, it has been decided that the pleader has the same option as at common law. *Stoddard* v. *Treadwell*, 26 Cal., 294; *Baleson* v. *Clark*, 37 Mo., 31; *Jones* v. *Louderman*, 39 Mo., 287. In *Bennett* v. *Judson*, 21 N. York, 238, it was held that in an action against a principal for a fraud committed by his agent, it is proper to charge that the fraud was committed by the principal.

The requirement of the first section of our Practice Act is similar to that of the codes of other states, that the facts constituting the cause of action are to be stated. But in the rules established by the judges we find this provision: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly

Santo v. Maynard.

to apprise the adverse party of the state of facts which it is intended to prove. Thus an act or promise by a principal (other than a corporation) if in fact proceeding from an agent known to the pleader, should be so stated." Rules under Practice Act, ch. 3, sec. 1.

The manifest object of this provision was to carry out a fundamental idea of the Practice Act, that the pleadings should acquaint the opposite party with the precise claim to be made. The court will of course enforce so wholesome a provision. But if, for any cause, no notice of such omission is taken by the court, or by the parties, we doubt whether, in such a case as this, it could affect the validity of the judgment. In the illustration of the rule as given, the pleader is required to state the fact referred to, *if known to him*, which implies that the statement of such a fact is not an indispensable prerequisite to the validity of the proceedings. The Practice Act is to be commended for its provisions to guard against surprises and for its spirit of truth and fairness. But the same spirit that requires a plaintiff to acquaint the defendant with the nature of his claim, ought to actuate the conduct of the latter upon the trial, so if he discovers some omission in the pleadings of the plaintiff that can be cured by amendment, he ought to be held to make the objection seasonably, so that there may be such amendment, and the parties may reach and settle their controversy upon its merits; and if for any cause he postpones till the evidence is all in, a statement of the real nature of his objection, he must not be allowed to gain any advantage on that account.

In view of this principle we consider it immaterial to decide whether the evidence that the act complained of was done by the defendant through his servant, which was, at the suggestion of the defendant, received subject to a general objection, was admissible or not under the complaint as it originally stood; because when the real objection was stated upon the argument the plaintiff moved to amend, and the court allowed the amendment, and the evidence was received in support, of course, of the complaint as amended.

In allowing this amendment and in receiving the evidence, it is too clear for discussion that no error was committed.

But the defendant further complains that he was not permitted after the amendment to file a new answer and try the case anew. Has he a just grievance on this account? The court gives some of the reasons for the denial, that the case had been tried on its merits, and that it did not appear that the substance of the amendment was a surprise to the defendant or that his situation was materially changed.

This of course is to be taken as true in the absence of anything in the record to the contrary; and, if true, it is sufficient. Upon referring to other parts of the finding it suggests that the statement above was even too favorable for the defendant, for it did appear that he went into this issue as to his son's act and testified himself "that his son in so acting in the instance complained of, was doing what it was his own custom to do in carting wood, namely, to leave a load by the highway to top-off with; that a good workman would so leave it, and that the place chosen by the son was a good place for the purpose."

This goes far towards confessing and justifying his son's act in his behalf. Upon a new hearing would he have sworn differently, or would he have attempted to procure others to do so? All the presumptions are that he would have repeated the same thing on another trial. Besides the positive evidence to show that the defendant was not surprised, it would be most natural for the court to take into consideration the situation of the parties. The defendant was not sued for any act done at a distance from his home, by a far-off agent, but for the act of his son, seventeen years old, while living with him and confessedly in his service. When therefore he was sued for leaving a nuisance at a particular time and place on the highway in the shape of a pile of wood, the least inquiry would have informed him whether the wood complained of was left by himself or his son.

The decision in *Bennett* v. *Collins*, 52 Conn., 1, where a refusal to allow the defendant to plead anew was held to be erroneous, was founded on a very different state of facts.

There a minor was sued in an action on contract. The amendment allowed after the trial had been finished, changed the action to one of tort. So that the legal elements constituting both the cause of action and the ground of defence, were changed essentially. But here there was no change in the action. The only change was to supply in the complaint the omission of a fact showing the defendant the precise nature of the claim, of which it is certain he had notice when the trial commenced, and in all probability he knew it long before.

There was no error in the judgment complained of.

In this opinion the other judges concurred.