ROBERT J. WOODRUFF vs. DOMINICK PERROTTI ET UX.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

While an appellant cannot pursue at the same time each of the two different methods provided by statute for the correction by this court of a finding of the trial court, he is not precluded from resorting to the method prescribed by § 5832 merely because, before so doing, he has filed a motion to correct the finding (§§ 5829, 5830) in the trial court. Such a motion serves the useful purpose of apprising the trial court of what corrections are desired, and if no exceptions are annexed or transcripts of evidence adduced, he may then move that all the evidence and rulings in the case be made a part of the record on appeal, as provided by § 5832, and proceed thereafter in accord with the terms of that section.

Where it appears from the record that a copy of all the evidence and rulings, duly certified, was made and printed as a part of the appeal record, this court will assume that this was done in compliance with a motion to that effect under § 5832, although the record does not state, as it should, that such a motion was in fact made.

In the present case the appellant, before the finding was refiled, perfected his appeal by assigning therein, as error, the refusal of the trial court to change the finding by making the requested corrections and additions. *Held* that whatever the consequencs of such premature action under other conditions might have been, it was harmless in this instance, as the finding was in fact refiled shortly thereafter in substantially its original form.

Obviously additions to a finding will not be made which would render it prolix, obscure and contradictory.

An amendable defect in a complaint must be objected to seasonably, if at all; after judgment upon a trial on the merits, it is too late to raise the objection.

The proper way to take advantage of a failure to allege that an act was done through the agency of another, as required by the rule (Practice Book, p. 283, § 181), is to object to the evidence when offered to prove such agency.

Judgment may be rendered against one of two defendants sued jointly and in favor of the other, if the facts found justify such a conclusion.

The evidence in the present case reviewed and *held* to justify the trial court's finding that the defendant wife acted in the transaction merely as the agent of her husband, and that he ratified her acts in the employment of the plaintiff as her husband's attorney.

Argued June 8th—decided October 5th, 1923.

ACTION to recover the reasonable worth of professional services rendered by the plaintiff to and for the defendants, brought to and tried by the Superior Court in New Haven County, *Webb, J.;* facts found and judgment rendered for the plaintiff, against Dominick Perrotti, for $3,052, and in favor of the other defendant, from which the former appealed. *No error.*

The complaint is in the form of the common counts, and the bill of particulars sets out that the defendants were indebted to the plaintiff for specified legal services and incidental expenses in the sum of $4,000, and, deducting credits for payments amounting to $1,200, claims a balance due of $2,800.

The defendant Dominick Perrotti filed a general denial, and a second defense alleging that the plaintiff had agreed with him and his agent to render all the

services and pay all the expenses in connection with the matters set forth in the bill of particulars for $1,200, which the defendant had paid. The plaintiff in reply denied the truth of these matters. The defendant Carmela Perrotti filed no pleading. The trial court found the issues in her favor, and found the issues in favor of the plaintiff against Dominick Perrotti, and adjudged that the plaintiff recover of him $3,052 damages.

*Clayton L. Klein,* for the appellant (defendant Dominick Perrotti).

*George E. Beers* and *Paul H. O'Connor,* for the appellee (plaintiff).

BURPEE, J. The record shows that the trial judge filed a finding of facts on February 13th, 1923; that on February 19th, 1923, the appellant defendant filed a motion to correct and add to the finding, to which no exceptions nor evidence were annexed; and that on the same day he filed and perfected his appeal, containing an assignment of errors in which he presented claims for the same corrections and additions to the finding which he asked for in his motion to correct and add to the finding. The record does not disclose that the appellant filed a motion that all the evidence and rulings in the case be made a part of the record on appeal, but it contains a copy of such evidence and rulings, apparently certified and filed on February 19th, 1923, although no date is endorsed upon it. On February 23d, 1923, the trial judge filed a correction of the finding which did not make any material change, and otherwise denied the appellant's motion. On the same day the finding was refiled.

Upon this record, the appellee suggests that the ap-

pellant is trying to take advantage of both of the remedies by appeal provided by the statutes. This he could not do. *Hartford-Connecticut Trust Co.* v. *Cambell*, 97 Conn. 251, 254, 116 Atl. 186. But the record does not indicate plainly that he has attempted to do so. It is true that he filed a motion to correct the finding, but it evidently was not adapted to the requirements of the motion which must be made by an appellant who seeks to pursue the remedy provided in General Statutes, § 5830, because no exception nor evidence was annexed to it, nor is any exception assigned as a reason of appeal. Possibly the appellant began with the intention of using the first method of appeal; but if he did, he evidently abandoned it and followed the method provided by General Statutes, § 5832. *Hartford-Connecticut Trust Co.* v. *Cambell*, 97 Conn. 251, 254, 116 Atl. 186. Although it is not stated in the record, as it should be if it was a fact, that the appellant filed with the clerk of the trial court a motion that all the evidence and rulings in the case be made a part of the record, it does appear that a copy of such evidence, duly certified, was made and printed as a part of the record; and we assume that this was done in compliance with the provisions of General Statutes, § 5832. His motion to correct the finding conformed to the best practice if he intended to follow the method prescribed in that section. *Hartford-Connecticut Trust Co.* v. *Cambell*, 97 Conn. 251, 254, 116 Atl. 186. Moreover, accepting the privilege granted in that section, the appellant in his assignment of errors has set out his claims for the corrections and additions he asked for in his motion. The record shows that the appellant, apparently expecting the refusal of the court to make the corrections he desired, perfected his appeal some days before the corrected finding was refiled; and therefore in reality undertook to

base an appeal upon a finding which had not been made, —that is, upon no finding. Whatever might have been the consequences of this premature action under other conditions, we do not discover that in this instance it was followed by any considerable results. The appellant is fairly entitled to any advantage he may derive from examination of the record as printed, including the statement of the evidence and rulings in the case, under the provisions of General Statutes, § 5832.

It is manifest, and the appellant concedes, that he cannot prevail in his appeal unless this court, upon examination of the entire record, shall correct the finding in at least the most material of the particulars he has specified in his assignments of error. He claims that all of the paragraphs of his draft-finding should be added to the finding. Manifestly this should not be done, because some of these paragraphs contain statements of merely evidential or irrelevant matters, or that no evidence was offered or no claim made concerning certain matters; others set out in the appellant's language facts which the trial judge has stated in his own; and others assert or imply facts at variance with facts found. A finding made up with such additions would be prolix, repetitious, contradictory, obscure and useless.

The appellant further claims that certain paragraphs of the finding should be struck out. In these paragraphs the trial judge states that the services specified in the bill of particulars were rendered for the benefit of the appellant and at his request, made in person or by his wife, who is the other defendant, and who acted as his agent, and whose acts were acquiesced in and ratified by him. In the circumstances and situation disclosed by the evidence in this case, these facts were the foundation of the judgment against the appellant. It could not be supported without them, and with them it can-

not be upset. The appellant claims that they should be struck out because there is no allegation of agency in the complaint and bill of particulars, because the action is against two joint defendants, and because there is no evidence that his wife acted as his agent nor that he ratified her acts. It may first be noted that the appellant in his second defense himself alleges that the plaintiff's services were rendered under an agreement with the appellant and his agent, and this allegation at least suggests an agency in the transactions and indicates that the appellant was fairly apprised of the facts which would be proved. But if there were an omission in the plaintiff's pleadings that could be cured by amendment, the defendant ought to be held to make the objection seasonably, so that there might be such an amendment, and the parties might reach and settle their controversy upon its merits; and if the defendant postpone his objection till judgment has been rendered, he must not be allowed to gain any advantage on that account. Santo v. Maynard, 57 Conn. 157, 161, 17 Atl. 700. The proper way to take advantage of the rule of pleading which requires that an act done by a known agent of an individual should be so stated (Practice Book, 1922, § 181, p. 283), is to object to evidence that it was so done unless it is so alleged. Irwin v. Judge, 81 Conn. 492, 71 Atl. 572. The appellant's objection on this ground appears too late.

It is evident, as the appellant states, that this action is brought against two joint defendants. The appellant thereupon assumes that the bill of particulars contains items presenting two kinds of services, one for services rendered to the appellant defendant, and the other for services rendered to the other defendant. That assumption is erroneous. It is a fair inference from the bill of particulars that all the services were rendered to the appellant defendant, and that the other

defendant was brought in on the theory that she had
made herself liable as a joint obligor. The trial court
reached the conclusion that all the services were ren-
dered to the appellant defendant, but did not adopt the
theory that the other defendant had bound herself per-
sonally to pay for them. It held that the cause of action
had not been sustained against her, and rendered judg-
ment in her favor. This it had power to do. General
Statutes, § 5792; *Dean* v. *Savage*, 28 Conn. 359, 362.
This conclusion manifestly destroys the basis of the
appellant's claim that, since there was no evidence of
the value of services rendered to the defendant wife,
the trial court could not logically determine what was
the value of the remainder of the services rendered to
the appellant defendant.

The appellant further insists that it appears that
there was no evidence of the agency of the appellant's
wife, or that he ratified her acts. The record, however,
discloses that it was admitted that the defendants were
husband and wife and that the plaintiff had for a long
time been their lawyer in many matters; that on Decem-
ber 28th, 1919, the appellant was detained in the New
Haven County jail as a witness in a case of homicide
then under investigation in that county, and was on the
same day held under arrest, at the request of the au-
thorities of Springfield, Massachusetts, under a charge
of murder; that on the same day the appellant's wife
engaged the plaintiff to act for the benefit of the ap-
pellant; that the plaintiff thereupon, being unable to
consult with the appellant thus confined, began an ac-
tion of *habeas corpus* in his behalf, but before formal
action thereon the appellant was removed to Springfield
by the Massachusetts authorities and lodged in jail on
the charge of murder; that the plaintiff went to Spring-
field with the appellant's wife and visited the appellant,
who then consulted with him concerning the criminal

charge, with the purpose of having it dismissed or some minor charge substituted; that on January 10th, 1920, the Massachusetts grand jury indicted the appellant for manslaughter and his bail was fixed at $10,000, which the plaintiff, with the co-operation of the appellant, arranged to furnish; that after he had been released, the appellant returned to New Haven and frequently consulted with the plaintiff in preparation for trial and about the amount of his fees for handling the entire matter; that these consultations and these services by the plaintiff continued more than a year, when the charge against the appellant was *nolled* in court in Springfield without costs; and that in September, 1920, the defendant was arrested in New Haven on another serious charge, employed the plaintiff to defend him, and in April, 1921, was discharged on payment of a comparatively small fine under arrangements made for him by the plaintiff. It appears also, and it was not disputed, that the plaintiff, during the same period of time, and at the appellant's request, had rendered other legal services for him in connection with smaller matters of his business.

With this evidence in the record, there can be no rational contention that the court below could not reasonably have reached the ultimate conclusions of fact which the appellant attacks. Hence the finding should not be corrected by striking them out. *Maley* v. *Hugo,* 87 Conn. 323, 324, 87 Atl. 734; *Hayward* v. *Plant,* 98 Conn. 374, 119 Atl. 341. The claim for such correction presented in the assignment of errors has no merit.

The other assignments of error we need not consider; because, as the appellant concedes, if the finding be not corrected in these respects, the appeal cannot prevail.

There is no error.

In this opinion the other judges concurred.