## ANNA McCAUGHEY *vs.* WILLIAM SMIDDY.

Second Judicial District, Norwich, April Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued April 30th—decided July 10th, 1929.

*Arthur T. Keefe,* with whom, on the brief, was *DeLancey S. Pelgrift,* for the appellant (defendant).

*George C. Morgan,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that the defendant "through his agent and representative," drove his automobile negligently, thereby injuring the plaintiff. On the trial the plaintiff introduced evidence to the effect that for several months previous to the date of the injury the defendant's son, who was operating the automobile at the time, had frequently driven the car, sometimes with his father, but often either alone or with other persons. This evidence was not objected to as not within the allegations of the complaint, but the defendant now assigns as error that portion of the charge which defined the family-car doctrine and submitted to the jury the question whether facts were established bringing the case within the operation thereof. No complaint is made as to the correctness of the court's statement of the rule, but the claim is that the above-mentioned allegation of the complaint does not justify or permit the application of the family-car rule to the case. If the pleading were defective in this respect, it was readily susceptible of cure by amendment, and if the defendant wished to take advantage of such a defect he should have done so seasonably, by objection to evidence on that ground or otherwise. *Woodruff* v. *Perrotti*, 99 Conn. 639, 644, 122 Atl. 452; *Irwin* v. *Judge*, 81 Conn. 492, 71 Atl. 572; *Santo* v. *Maynard*, 57 Conn. 157, 161, 17 Atl. 700. The present objection comes too late.

Evidence that the son was seen driving his father's car was objected to upon the general ground that it was irrelevant and immaterial. The claim now made, that it should have been excluded because no direct evidence had been introduced that the defendant had knowledge of such use on the occasions when he did not accompany him, is not well taken. Evidence of use of sufficient frequency and notoriety by the son would support a legitimate inference of the father's

knowledge of and assent to such use, and the court was correct in so ruling and charging. The instructions as to the effect of negligence on the part of the plaintiff upon her right of recovery were sufficient and accurate.

The interrogatory submitted to the jury in substitution for two proposed by the defendant, as to whether the defendant maintained his automobile as a family car, affords the appellant no reasonable ground for complaint. The jury answered this interrogatory in the affirmative, and one as to whether the plaintiff was guilty of contributory negligence in the negative. The appeal from the denial of the motion to set aside the verdict is based upon the contention that the jury could not have reasonably so found as to these issues.

The plaintiff's injury occurred January 12th, 1928. One witness testified that between July, 1927, and that date she had seen the son drive the defendant's car very frequently, many times with his father in the car, but often alone or with people other than his father; another stated that he had seen him so driving quite frequently, almost always alone. Other witnesses testified to more isolated instances of his driving alone or with his father. On the other hand, the defendant stated on direct examination that his son, on the day in question, had his express permission to use the car to go to New London and that he had never before loaned the car to his son and he had never driven it, to his knowledge. On cross-examination he admitted that the son might have driven him to church some Sunday mornings but, while admitting that if the son had driven the car frequently he would have known it, maintained that he never did so. The son testified that this was the first time he had driven the car except when his father was with him. Asked if he had ever taken the car out alone he replied "not to my knowledge."

Of this diametrically conflicting evidence the jury were at liberty to credit and accept that given by the witnesses called by the plaintiff, and if they did so were justified in drawing therefrom the inference that the defendant's car was maintained and used as a family car, that the son had general authority to drive it, and was, at the time, driving it under such authority and for the purpose for which it was maintained. To establish the existence of the elements required to bring into operation the family-car doctrine resort usually must be had to evidence, of the nature here introduced by the plaintiff, as to the circumstances, frequency, and notoriety of operation of the automobile by a member or members of the owner's family. For obvious reasons more direct evidence is seldom available. If evidence so produced, though circumstantial, is adequate in scope, credibility, and significance, reasonably to establish the presence of these necessary elements, as against denials or explanations by or in behalf of the owner of the car, the requirements are satisfied, otherwise not. *Haugh* v. *Kirsch*, 105 Conn. 429, 135 Atl. 568; *O'Keefe* v. *Fitzgerald*, 106 Conn. 294, 137 Atl. 858.

No question is made that the driver of the defendant's car might have been found negligent, but it is contended that the conclusion that the plaintiff was free from contributory negligence was not permissible under the evidence. The plaintiff was injured while crossing Waller Street in New London. She was employed in a manufacturing plant on the northerly side of this street and, soon after noon, came out of a driveway about two hundred and fifty feet west of the intersection of Waller Street with Williams Street. Defendant's son turned this corner and proceeded along Waller Street at a speed which, on the evidence, could have been found to be thirty to thirty-five miles

per hour. No other vehicles were passing along Waller Street in either direction, but large numbers of school children were crossing the street at various points and employees of the manufacturing plant were crossing in front of it. An automobile was parked near the curb on the northerly side of the street a few feet east of the driveway, and to the south of that car and partly alongside it, a truck was standing so that the left side of the truck was near or, defendant's driver claimed, extended over the center line of the street, which was thirty-nine feet eight inches wide. In passing these two vehicles, so situated, the defendant's car traveled wholly or in part on its left-hand side of the street.

The evidence as to details of the plaintiff's movements and the manner of her injury was conflicting, but she testified, with definite corroboration on most points, that, although she ran down the driveway, she started to walk when she reached the sidewalk, looked, at that point, to see if any cars were coming beyond the parked car and the truck, but could not see any, walked out until she got past these cars, looked again in both directions but saw no cars, continued to cross, and thought she had nearly reached the southerly sidewalk when the car struck her. Her sister, who was a step behind her, testified that she looked down the street when she got outside the truck, and saw no car at that time. The driver of the defendant's car claimed that the plaintiff ran into the side of it just after it passed the standing truck. There appears to be no reason precluding the jury from substantially adopting the plaintiff's version of her conduct and her claim that she was struck by the front of the defendant's car. Her failure to see the car, if she looked as she claimed, might be accounted for by the reasonable assumption that, if the car was traveling as fast as above indicated, it had not yet come into sight around the corner

from Williams Street when plaintiff looked from the sidewalk, and that when she looked again when at or near the center of the street, the car, if traveling on its right-hand side of the street, was obscured by the standing truck. There is also the further consideration that the defendant's car, in passing the truck, was traveling in a portion of the street in which traffic approaching from the plaintiff's left was not ordinarily to be expected and where reasonable care required that her attention should be principally directed toward her right, from which direction travel over the southerly half of the street was naturally to be anticipated.

As to both grounds of attack upon the verdict the case is undeniably close, but we are not justified in holding unwarranted these conclusions of the jury, fortified as they are by the ruling of the trial judge on the motion to set aside.

There is no error.

In this opinion the other judges concurred.