MAX ISRAEL *vs.* ADOLPH ULRICH ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 2d—decided March 29th, 1932.

*Samuel E. Hoyt,* with whom, on the brief, was *Irving Sweedler,* for the appellant (defendant Ellis).

*Max R. Traurig,* for the appellee (plaintiff).

HINMAN, J. While the plaintiff's truck was parked at the curb on the westerly side of Willow Street in Waterbury and facing in a southerly direction, a car owned by the defendant Ulrich and operated by the defendant Ellis collided with the rear of the truck. The plaintiff at the time was in a nearby house and on coming out examined his truck and saw that the impact had damaged a fender and a rear hub-cap, but did not discover that the rear housing had been forced forward so as to interfere with the mechanism of the brakes and render them useless. The finding, which is not attacked, is that the injury to the brakes could not be observed in an ordinary inspection, but could be discovered only by a competent mechanic or through driving the truck and attempting to use the brakes. The plaintiff thereupon entered the truck and started to proceed down Willow Street, which has a steep grade, and after driving a short distance attempted to apply first the foot brake and then the emergency brake, both of which failed to hold, and the truck continued rapidly down the grade, covering a course of about one half mile before coming to a stop. During this ride the plaintiff's foot and knees were bruised and he suffered fright which resulted in a severe mental and nervous shock.

The trial court granted a nonsuit in favor of Ulrich but held that Ellis was negligent, that his negligence was the proximate cause of all the damage and injuries, and that the plaintiff was free from contributory negligence, and awarded damages including those arising from plaintiff's fright and nervous shock.

The appellant does not now question the conclusion that he was negligent in colliding with the plaintiff's truck and that the impact caused the damage thereto.

The facts also amply support the conclusion that the plaintiff was free from contributory negligence in the extent of his examination of the truck and failure to discover the effect of the collision upon the braking mechanism and in subsequently entering his car and proceeding on his way. The trial court was also justified in holding that the defendant's negligence was the proximate cause of the plaintiff's injuries. It is clear that if the collision had occurred while the truck was in motion and, because of the resulting damage to the brakes, the plaintiff was unable thereafter to stop it and was injured in consequence, the collision could not be regarded other than as the proximate cause of his injuries. The situation here presented is not essentially different in this respect; the negligent impact was a substantial factor in producing the injuries. *Block* v. *Pascucci,* 111 Conn. 58, 60, 64, 149 Atl. 210; *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 Atl. 762; *Lombardi* v. *Wallad,* 98 Conn. 510, 120 Atl. 291.

The remaining claim, that the plaintiff was not entitled to recover damages for the consequences of mental and nervous shock resulting from the fright suffered by him during his ride down the hill, is based upon the contention that there can be no recovery for fright alone, unaccompanied by physical injury. We have recently discussed this subject at some length in *Block* v. *Pascucci, supra.* As in that case, we are not here required to make choice between the conflicting lines of decision upon this specific proposition. As we there noted (p. 61) even in those jurisdictions in which recovery is denied in such cases, a right to recover is recognized if there is also a contemporaneous physical injury although the latter is slight or comparatively insignificant. 11 A. L. R. 1119, 1128; 40 A. L. R. 983, 984.

The reason therefor as expressed in *Homans* v. *Bos-*

*ton Elevated Ry. Co.*, 180 Mass. 456, 457, 62 N. E. 737, is that the denial of recovery for visible illness resulting from nervous shock alone is an arbitrary exception "based upon a notion of what is practicable. . . . But when there has been a battery and the nervous shock results from the same wrongful management as the battery, it is at least equally impracticable to go further and to inquire whether the shock comes through the battery or along with it. Even were it otherwise, recognizing, as we must, the logic in favor of the plaintiff when a remedy is denied because the only immediate wrong was a shock to the nerves, we think that when the reality of the cause is guaranteed by proof of a substantial battery of the person there is no occasion to press further the exception to general rules." In that case the plaintiff, a passenger in one of the defendant's cars, was thrown against a seat in consequence of a collision, receiving a slight blow, and afterward underwent suffering of hysterical nature for which recovery was sustained. The situation in *Kisiel* v. *Holyoke Street Ry. Co.*, 240 Mass. 29, 132 N. E. 622, was substantially similar.

In *Porter* v. *Delaware, L. & W. R. Co.*, 73 N. J. L. 405, 63 Atl. 860, it was held that although if the plaintiff's injuries had been solely due to fright occasioned by the falling of an overhead bridge under which she had just passed, there could be no recovery; if she was hit in the neck by something thrown by the crash and dust was cast into her eyes, there might be a recovery for injuries to her nervous system as well as to her neck and eyes. See also *Kennell* v. *Gershonovitz*, 84 N. J. L. 577, 87 Atl. 130. In *Jones* v. *Brooklyn Heights R. Co.*, 48 N. Y. Supp. 914, the fall of an incandescent light globe striking the plaintiff on the temple was held to supply the required element of physical injury permitting consideration also of con-

comitant fright and its consequences as an element of damage. Illustrative cases might be further multiplied, but the foregoing are sufficient to indicate that the finding in the present case as to the bruises inflicted upon the plaintiff contemporaneously with the fright which he suffered would be sufficient to entitle him to recovery including damages for his mental and nervous shock in those jurisdictions adhering most closely to the doctrine of non-recovery for fright unaccompanied by physical injury. *Block* v. *Pascucci, supra,* p. 63.

There is no error.

In this opinion the other judges concurred.