CELIA MITNICK *vs.* WHALEN BROTHERS,
INCORPORATED, ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 4th—decided December 13th, 1932.

*Raymond E. Baldwin,* with whom was *William Reeves,* for the appellants (defendants).

*Harry Freedman,* for the appellee (plaintiff).

MALTBIE, C. J. The complaint alleges that two automobiles, one driven by the agent of the defendant Whalen Brothers, Incorporated, and the other by the defendant Yakiwoczuk, collided with each other by reason of the negligence of both drivers while the plaintiff was upon the sidewalk close to them and that as a result she was badly frightened and immediately fainted, later had a miscarriage and suffered pain and nervous shock. The jury might reasonably have found

that the cars collided at a street intersection with a considerable crash; that one of them was overturned and came to rest near the northeast corner of the intersection; that the plaintiff, having crossed the street, had just reached that corner; that, hearing the crash, she looked, saw a car turned toward her and screamed, fainted and fell; that when she regained consciousness she was helped to the veranda of her mother's house directly across the street, where she sat for a few minutes; that while there she felt and complained of pain in her back and right hip; that she was then put to bed and her mother, on examining her, discovered a bloody discharge; that thereafter she was largely confined to her bed, suffered pain, and five days later had a miscarriage; and that this miscarriage resulted from her fright and fall. The defendants claim that proof of these facts was not sufficient to sustain the verdict rendered in her favor because her pain and suffering and the miscarriage resulted solely from her fright at the collision. The case presented is substantially on all fours with that before us in *Block* v. *Pascucci*, 111 Conn. 58, 149 Atl. 210, and is controlled by that decision. See also *Israel* v. *Ulrich*, 114 Conn. 599, 159 Atl. 634.

That the results for which the plaintiff sought recovery were not such as would have been reasonably anticipated by the drivers of the cars is no basis for denying the liability of the defendants; *Reynolds* v. *Land Mortgage & Title Co.*, 114 Conn. 447, 455, 159 Atl. 282; nor is it so extraordinary that a pregnant woman, upon a sidewalk close to the spot where two automobiles collided, should be frightened, should faint and fall, suffer pain and later a miscarriage, that the jury might not reasonably find the negligence of the drivers to be the proximate cause of those results. Amer. Law Inst. Tent. Restatement, Torts, Draft

No. 8, § 308B; *McGhee* v. *McCarley,* 91 Fed. 462; *Norton* v. *Eastern R. Co.,* 113 Mass. 366; *Hill* v. *New River Co.,* 9 B. & S. 303; *Sneesby* v. *Lancashire & Y. Ry. Co.,* L. R. 9 Q. B. 263, L. R. 1 Q. B. D. 42; *Harris* v. *Mobbs,* L. R. 3 Ex. D. 268; Bohlen, Studies in the Law of Torts, 261.

The appellants assign error in the failure of the trial court to comply with certain requests to charge which they submitted, basing their claim upon the same grounds they advance to support their contention that the verdict should have been set aside, but, for the reasons we have stated, the trial court was justified in refusing them. The appellants also claim error in rulings of the trial court admitting in evidence testimony as to the plaintiff's fall to the sidewalk, now claiming that the complaint failed to allege that she did fall. The record does not show that this objection was made at the trial and it is too late after verdict to take advantage of so slight a defect in the description of the chain of circumstances between the collision and her injuries. *Scott* v. *Scott,* 83 Conn. 634, 641, 78 Atl. 314; *McCaughey* v. *Smiddy,* 109 Conn. 417, 418, 146 Atl. 822.

There is no error.

In this opinion the other judges concurred.