ACTIVE MARKET, INC.

vs.

HUGH C. LEIGHTON, SR., ET AL.

Superior Court          Fairfield County          File #52469

Present: Hon. JOHN RUFUS BOOTH, Judge.

Taylor & Lovejoy,          Attorneys for the Plaintiff.

Wright, Hirschberg,
Pettengill & Strong,          Attorneys for the Defendants.

### MEMORANDUM FILED JANUARY 18, 1938.  124 Conn. 500

BOOTH, J. The suit is against three defendants, two of whom are individuals and one is a corporation. The complaint simply states that certain goods were sold and delivered to the defendants for which payment had not been made. The corporation defaulted.

Upon the trial it appeared that Leighton, Sr., and Leighton, Jr., owned or operated a restaurant in Darien, Connecticut, and it was also suggested that they had a similar enterprise in Ardsley, New York. In White Plains, New York, there was a restaurant conducted by the corporate defendant in which the two individual defendants were officers. The original dealings with the plaintiff which initiated a course of trading immediately giving rise to an unpaid balance to him for which this suit is brought, were had with the defendant Leighton, Sr. Thereafter goods were ordered by him, by the defendant Leighton, Jr., and by one Denari, who acted as a chef in the White Plains restaurant and as a general purchasing agent for the three aforesaid enterprises. The plaintiff was paid over a considerable period of time by checks of the White Plains corporation. The goods were for the most part delivered to the White Plains restaurant and with the knowledge and consent of all the defendants used in varying amounts in the three establishments as necessity required. There may have been some instances where goods were delivered directly by the plaintiff to the Darien restaurant on orders coming from one of the two Leightons or Denari. Each defendant acted in

some transactions as principal and in others as agent for the other two. Although there is no allegation in the complaint of agency sufficient to have allowed the introduction of evidence on that head, had timely objection been made, as it should have been (**Woodruff vs. Perrotti, 99 Conn. 639**), nevertheless with this evidence in the record the conclusion as stated above is inescapable. Where two or more persons stand in relation to each other so that each is a principal and an agent in respect to the business in question, they are each liable for any debt contracted in the course of such business (**Hotchkiss vs. DeVita, 103 Conn. 436**). The goods in question were sold and delivered under these conditions and have not been paid for.

Judgment is therefore rendered for the plaintiff to recover of the defendants $2,058.25 damages and costs.