JEAN STURROCK v. ALBERT J. POWELL ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 70889

Memorandum filed July 6, 1946.

*Adrian W. Maher* and *Samual Reich,* both of Bridgeport, for the Plaintiff.

*Gumbart, Corbin, Tyler* and *Cooper,* of New Haven, for the Defendants.

ALCORN, J. The plaintiff seeks to recover for personal injuries and property damage alleged to have been caused by the negligence of the two defendants, one the owner and the other the driver of an automobile. The answer is a denial and a defense of contributory negligence. The basis of recovery against the defendant owner is not stated in the complaint. The only pertinent allegation is found in paragraph one to the effect that a "car owned by the defendant, Albert J. Powell, was being operated by the defendant, August Powell, and was so operated as to cause it to collide with the plaintiff's machine." Liability cannot be imposed upon the owner of an automobile merely because he intrusts it to another to drive upon the highway. *Greeley* v. *Cunningham,* 116 Conn. 515, 518. This complaint is defective in that it does not allege any ground for recovery against the defendant owner. Practice Book § 118; *Leitzes* v.*F. L. Caulkins Auto Co.,* 123 Conn. 459; *O'Dea* v. *Amodeo,* 118 Conn. 58.

The issue not having been clarified by preliminary pleading, the plaintiff, upon trial, sought to take advantage of both agency and the "family-car doctrine." The evidence on both subjects was not objected to as outside the allegations of the complaint and since no seasonable objection was made the court will, as the parties have done, treat those issues as though properly pleaded. *McCaughey* v. *Smiddy,* 109 Conn. 417; *Baker* v. *Paradiso,* 117 Conn. 539.

The facts as found from the evidence are that the defendant Albert J. Powell is a brother of the defendant August Powell. Albert entered the military service and August remained at home. On May 13, 1945, Albert was a captain in the United States Army and was on leave in Paris, France. Before going overseas he gave August general permission to use his (Albert's) automobile whenever and wherever he wanted. On the date in question August drove the car to work and finished his work at a factory about 10:00 p. m. He met a girl cousin at about 10:30 and went with her to a restaurant for about an hour where he had three "beers" and a rye highball and then left to take the cousin home.

Meanwhile the plaintiff and her present husband, to whom she was not then married, were on the way from New Haven to the plaintiff's home in Stratford. The plaintiff was driving a 1939 Ford automobile owned by her. At about 2:00 a. m. as she was traveling west along the Barnum Avenue cut-off in Stratford and was about to turn right into Longbrook Avenue, the automobile driven by August Powell and owned by Albert Powell approached from the opposite direction, cut abruptly across the highway and struck the plaintiff's car with considerable force, driving it into the highway fence. The plaintiff was traveling on her extreme right side of the highway at a speed of about twenty-five to thirty miles per hour. The defendant driver was under the influence of intoxicating liquor and unfit to drive a motor vehicle, and the collision was due to his negligence in this regard. The plaintiff was not negligent.

The question then arises as to the liability of the defendant Albert Powell. There are no facts to warrant a finding that the driver was his agent. The presumption created by § 1661c of the Cumulative Supplement of 1935, fails in the light of the testimony of August Powell who was plaintiff's witness, and that of Albert Powell who was a witness in his own defense. Both disclaimed any agency.

As to the "family car doctrine," on the other hand, the defendant Albert Powell claims that, because the relationship between the owner and driver in this case is not one of those enumerated in § 1658c of the Cumulative Supplement of 1935, that doctrine cannot be held to apply. Since the statute creates a presumption only, this contention fails to accord significance to the evidence in the case. Granting that the presumption

may not avail the plaintiff, the evidence as to the permission granted this driver and the status of the parties comes largely from the defendant Albert Powell himself.

The family car doctrine is based primarily upon public policy and is in the nature of an exception to the general rule, that one who permits another to use his car does not thereby become liable for the latter's negligence in the absence of an agency or employment for the owner. The controlling element is the scope of the intended use of the car. *Koops* v. *Gregg*, 130 Conn. 185; *Durso* v. *A. D. Cozzolino, Inc.*, 128 Conn. 24; *Baker* v. *Paradiso*, supra; *Kolensky* v. *DeFrancesco*, 102 Conn. 660. The facts in this case do not bring it within the intention of that doctrine, and consequently the defendant Albert Powell is not liable. It is apparent that when Albert was about to go overseas he was faced with the fact that his car would stand idle, whereupon he told his brother that he might use it as and when he wished. The case would have been no different had he given the same permsision while he was away on a vacation. What he did was to loan the use of the car while he was away. The family car doctrine does not extend to a situation of that sort.

As a result of the collision the plaintiff suffered injury to both knees. The left knee sustained a hematoma on the inside surface, and swelling which subsided about June 6, 1945. There was discomfort in the left knee for six months. The lower half of the right kneecap was fractured necessitating a cast from ankle to groin for four and one-half weeks, then splints and bandage, followed by an ace bandage for several weeks. Solid bony union was eventually accomplished and there is no permanent injury for ordinary activity but for ballet or toe dancing there is a present permanent disability of about 10 per cent which may decrease.

The plaintiff is a dancing instructor, twenty-eight years old. At the time of her injury she taught ballroom, ballet, tap and toe dancing in private classes and in the public schools of several towns. She has ben teaching for ten years and was personally taking instruction twice weekly in New York. Her average income from instruction was $4000 per year but whether this was net or gross is not established.

As a result of the collision she could give no dancing instruction until October 1, 1945. She suffered pain until August, 1945. About half her pupils were studying ballet and she has

had to give up most of this instruction because of inability to stand on her toes or leap. She resumed instruction in all schools but one in December, 1945.

She had paid $105 for instruction in New York which she was unable to take, and got no refund. She lost $200 in ballroom work contracted for which she could not perform. She spent $100 for transportation to work and an additional $36 for transportation to the doctor. Her doctor's bill was $150. The damage to her car was $400. She estimates her lost income during the past year from her inability to give ballet lessons at $1000. Here again it is not established whether this lost income is net or gross.

Upon the question of the pecuniary value of the plaintiff's time lost as a result of the injury, the salary earned is merely evidential. *Silverman* v. *Springfield Advertising Co.*, 120 Conn. 55, 59. *Federman* v. *Stamford*, 118 Conn. 427, 431. Certainty is not required but there must be a reasonable basis for a fair and reasonable estimate of this item by the trier. *Ball* v. *Pardy Construction Co.*, 108 Conn. 549, 551. *Feehan* v. *Slater*, 89 Conn. 697.

Judgment may enter that plaintiff recover of the defendant August Powell, $3500 for personal injury and $400 for property damage. Judgment may enter in favor of the defendant Albert J. Powell.