[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant motion to dismiss first count of the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction over the defendants because the plaintiff has failed to comply with General Statutes § 7-308.
On July 5, 1994, the plaintiff, Rodney Barry, filed a three count complaint sounding in negligence against multiple defendants. The first count names the following individuals as defendants: Chief George Dunn William King, Deputy Chief Arthur J. Higgins, Jr., Lt, Richard Augeiri, John Coe, John Doe and John Foe. The plaintiff alleges the following in the first count. CT Page 12680
On June 20, 1992 at approximately 10:30 p. m., a helicopter designated as "Lifestar" departed Hartford Hospital for the purpose of retrieving and transporting an injured individual to Hartford Hospital from a landing zone located at the Middletown Rest Area, adjacent to I-91, in Middletown, Connecticut. The defendants, Chief George Dunn, Chief William King, Deputy Chief Arthur Higgins, Jr. and Lt. Richard Augieri were members of the Westfield (District of Middletown) Fire Department. The defendants and other unnamed agents, servants and/or employees of said Westfield (District of Middletown) Fire Department, had designated the I-91 Rest Area as a Landing Zone, and were present and/or en route to the aforementioned landing zone in order to direct the landing of said helicopter.
While attempting a landing at the landing zone, the helicopter came in contact with high tension wires, causing the helicopter to suddenly descend and crash violently onto the median of I-91 in Middletown, Connecticut. The plaintiff was operating a motor vehicle in a southerly direction on I-91 in the vicinity of the helicopter crash. The hood, roof and windshield of the plaintiff's vehicle were struck by debris from the helicopter crash, thereby completely shattering his windshield and showering the plaintiff with glass and debris. The plaintiff alleges that his right eye and left wrist have been permanently disabled and his vision has been permanently impaired as a result of the negligence and carelessness of the defendants.
The second count, also sounding in negligence, names the following individuals as defendants: Chief Robert Raby, Captain Jack Lyons, John Goe, John Hoe and John Loe. The plaintiff alleges that the defendants, Chief Robert Raby and Captain Jack Lyons, were members of the Meriden Fire Department. The plaintiff repeats the allegations of the first count against the defendants named in the second count.
The third count, again sounding in negligence, names as a defendant the Connecticut Light and Power Company. The plaintiff repeated the allegations of the first count in the third count. The plaintiff further alleges that Connecticut Light and Power owned, controlled and maintained the high tension wires and attendant structures which span Route I-91 in Middletown, Connecticut in the vicinity of the Route I-91 CT Page 12681 rest area. The plaintiff alleges that the Connecticut Light and Power Company was negligent in allowing the electrical and static wires to be in the vicinity of the I-91 rest stop.
On August 1, 1994, the defendants filed a motion to dismiss the first count of the complaint on the ground that the court lacks subject matter jurisdiction over the defendants because the plaintiff has failed to comply with General Statutes § 7-308.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991).
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step on the cause." (Internal quotation marks omitted.) Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982).
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 143. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." LaConche v. Elligers, 215 Conn. 701, 709-10,579 A.2d 1 (1990). "Where the court's jurisdiction to hear a case is challenged, the court must fully resolve the issue of subject matter jurisdiction before proceeding with the case."Savoy Laundry Inc. v. Stratford, 32 Conn. App. 636, 639,630 A.2d 159 (1993). Moreover, "[s]ubject matter jurisdiction, unlike jurisdiction of the person, cannot be created through CT Page 12682 consent or waiver. Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
The defendants argue in their memorandum of law in support of their motion to dismiss the first count of the plaintiff's complaint that "[i]n order to state a claim against these defendants the plaintiff must comply with the provisions of Connecticut General Statutes § 7-308", which sets out certain requirements that must be met for a plaintiff to hold a municipality liable for damages assessed against firemen. The defendants assert that the "plaintiff's failure to comply with Connecticut General Statute § 7-308 deprives this court of subject matter jurisdiction over this claim."
The plaintiff argues in opposition that Connecticut General Statutes § 7-308, entitled `Assumption of liability for damages caused by fireman', is an indemnification statute that requires a municipality to pay damages assessed against firemen for liability incurred while in the performance of fire duties if its statutory requirements are met. The plaintiff further argues that the plaintiff has not invoked the provisions of General Statutes § 7-308 and that the plaintiff's complaint only alleges the negligence on the part of various individually named municipal employees and does not name the municipality as a defendant. Finally, the plaintiff asserts that the provisions of General Statutes § 7-308 which permits an action to be maintained against a municipality and a municipal employee jointly do not mean that the plaintiff may not proceed against the employee alone.
General Statutes § 7-308 sets out the requirement a plaintiff must meet in order to hold a municipality liable for the damages caused by firemen. It provides:
 No action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefore has arisen nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of CT Page 12683 such municipality and with the fireman within six months after such cause of action has accrued.
The Connecticut Supreme Court in Fraser v. Henninger, 173 Conn. 52,376 A.2d 406 (1977), explained that a plaintiff who is seeking to hold a municipality liable for the damages caused by its firemen must meet the requirements of General Statutes § 7-308. Id., 56. The court held that a plaintiff may maintain a common-law action against an individual municipal employee and avoid those requirements which are unique to recovery under the indemnification statute. Id.,
56. The court explained:
 [T]he provisions of [§ 7-308] which permit an action against the municipality and the employee jointly do not mean that a plaintiff may not proceed against the employee alone if for any reason the plaintiff cannot prevail upon the count alleging facts to support a recovery from the municipality of any judgment obtained against the employee. A plaintiff's failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee.
Id., 57. See Woodruff v. Perrotti, 99 Conn. 639, 645,122 A. 452 (1923).
The plaintiff is not seeking to hold a municipality liable under General Statutes § 7-308. Therefore, § 7-308
does not apply to the present action, and the plaintiff may maintain a common law cause of action against the individual defendants. The court does not lack subject matter jurisdiction in this matter. Accordingly, the defendant's motion to dismiss the first count of the plaintiff's complaint is denied.
Mary R. Hennessey, Judge CT Page 12684