[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case, the plaintiffs are Veronica Freddo, PPA, Dean Freddo and Dean Freddo, individually. In count one, it is alleged that the defendant Head Start agency failed to administer diaper rash and asthma medication to the child, Veronica, who was enrolled in the defendant's day care facility causing her injury.
In count two, the father, Dean Freddo, alleges that as a result of the defendant's negligence, he was required to stay home on a full-time basis to take care of the child, was unable to accept a job opportunity and unable to meet child support obligations which could result in his incarceration. Mr. Freddo also claims that this substantial financial loss may also cause his eviction from his apartment. The defendant has now moved to strike the second count "on the basis that the defendant owed no legal duty to Mr. Freddo with respect to the injuries and damages set forth in count two."
The rules to be applied on motions to strike are well known. That inference must be given to a complaint which is most favorable to sustaining its legal sufficiency. Amodio v. Cunningham, 180 Conn. 80, 82
(1980).
This is not an easy case because of the difficult concept of foreseeability and what it means in negligence law. In Law of Torts, Vol. I, Professor Dobbs, as usual, succinctly defines the problem or the two ways in which "foreseeability" is used in the case law:
 "Negligence foreseeability vs. proximate causeCT Page 1334 foreseeabiliiy. The issue of proximate cause does not arise at all unless the defendant is negligent in a way that can be identified. If the defendant is negligent, that necessarily means he should have foreseen some harm, of some kind, to some person or property. The foreseeability question left to be determined under the proximate cause rules is whether he should have foreseen the kind of harm that in fact resulted and whether the plaintiff was within the class of persons to whom such harm might foreseeably befall." Vol. I, § 182, page 448.
The court, for the purposes of this motion to strike, must take as established that the defendant day care center acted negligently with respect to the defendant child. The question really appears to be whether the defendant should have foreseen the kind of harm that in factresulted and whether the plaintiff father was within that class of persons to whom such harm might foreseeably result — this is an issue of proximate cause foreseeability. The leading case in this area isPalsgraf v. Long Island Railroad Co., 164 N.E. 99 (N.Y., 1928). In that case, the defendant's servants, trying to assist a passenger, dislodged a package from the passenger's arms. The package contained fireworks which exploded; the concussion dislodged some scales which fell upon the plaintiff and injured her. This was definitely a bad day for the poor plaintiff, compounded by the fact that sometime later Judge Cardozo, writing for the majority, treated the matter as one of whether there was any negligence in the first instance and held there was not since the plaintiff "must sue in her own right for a wrong personal to her, and not as the vicarious beneficiary of a breach of duty to another," i.e. the passenger. In Connecticut Law of Torts, Wright, Fitzgerald, Ankerman, § 33, pp. 57-58, it is said that the Connecticut courts have adopted the position of the dissent, Judge Andrews.
 "In other words, the Connecticut courts realize that the results of negligence are often a surprise; and an injured plaintiff should not be restricted to a recovery for only those injuries where the results are foreseeable. The `chain of causation' theory of Judge Andrews would appear to be the dominant theory today in Connecticut, where a negligent defendant will be held liable if the injury occurs as a result of an unbroken sequence of events, and if the result is not too remote in space and time."
Thus, in Mitnick v. Whalen Brothers, Inc., 115 Conn. 650 (1932), two drivers negligently collided with each other. The plaintiff sued the CT Page 1335 principal of one of the drivers and gained a jury verdict which the court upheld. The court discussed the facts of the case and said that it is not so extraordinary that a pregnant woman upon a sidewalk close to the spot where two cars collided should be frightened, should faint and fall, suffer pain and later a miscarriage and that as a result, a jury should find the two negligent drivers proximately caused her injuries. But despite cases like Mitnick over the years foreseeability has intruded into our case law on the issue of proximate cause. As said by Wright on page 61, "Of course, there must be a limit somewhere. As the court said in one case . . . "where the consequences in causal relation to the tort are remote, recovery will be denied." Mahoney v. Beatman, 110 Conn. 184, 191
(1929). Thus, in a case cited by Wright, a phone company was held not to be the proximate cause of fire damage which took place when an operator refused to connect a patron, who was calling for a neighbor whose house was on fire, with a fire station. Robinson v. SNET Co., 140 Conn. 414,419-420 (1953).
In fact, in more recent years, the court has not been hesitant in restricting the ambit of Judge Andrew's opinion and in some instances suggesting as a matter of law that the courts must limit liability even as it involves issues of proximate cause. The defendant has referred toLodge v. Ahrett Sales Corp., 246 Conn. 563 (1998), where the court said:
 "In every case in which the defendant's negligent conduct may be remotely related to a plaintiff's harm, the courts must draw a line, beyond which the law will not impose legal liability. Although that line is often amorphous and difficult to discern . . . it has been crossed in this case. . . .To hold otherwise would be to convert the imperfect vision of reasonable foreseeability into the perfect vision of hindsight," id. p. 578.[1]
Also, although Clohessy v. Bachelor, 237 Conn. 61 (1996), is rightfully recognized as an expansive development in our tort law, when one looks at the case in perspective, it can be seen as a case where a duty is recognized but various admittedly arbitrary limitations are imposed on the ambit of proximate cause for the purpose of determining the class of people who may recover and under what circumstances recovery can occur.
On the question of proximate cause foreseeability, the Restatement (Second) Torts, as is often the case, offers a helpful guideline that seems to be in line with our developing law. At section 435, page 449, Volume II, it says:
 § 435. Foreseeability of Harm or Manner of Its CT Page 1336 Occurrence.
 (1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the maimer in which it occurred does not prevent him from being liable.
 (2) The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.
What the Restatement offers is a common sense tool for analyzing these problems that lies somewhere between the extremes of the majority and minority opinion in Palsgraf.
Applying that test in this case, the court concludes that the damages claimed here would have to be viewed as a highly extraordinary result of the defendant's negligence. What is being claimed after all is that as a result of the defendant's negligence toward the child and the resulting injury to the child the day care center is liable for the father's loss of job opportunities, dissolution of his family, possible eviction, failure to make support payments and threat thereby presented of incarceration. There have to be some limits even in a state that historically at least has sided with Judge Andrew's dissent in Palsgraf. If a claim such as this were to be allowed what about a case where a husband or a child is injured in an auto accident — should the uninjured wife who had to rush to the accident scene be able to recover for the fact that she had to cancel an interview for a lucrative job? And what is to be done with Clohessy v. Bachelor supra? In other words, in this case, other things being equal, a bystander emotional distress claim could not be made because the injuries to the child did not occur in the father's presence. Should it be said, no matter, you can file suit for a whole panoply of damages, just leave out the claim for emotional distress and the problem will be treated as one of foreseeability a la Judge Andrew's "chain of causation" test? To the court, at least, this is not a viable position, so the second count is stricken.
Corradino, J.